Mr. Justice Day
delivered the opinion of the Court.
This is an appeal by a minor and his parents from a judgment of the district court of Adams County — sitting as a juvenile court — adjudicating the appellant J.A.M. as a delinquent child.
The appellants would have us hold that the adjudication of the minor as a delinquent by the trial judge has placed him twice in jeopardy. This — it is argued — is because after a hearing before a court referee prior to the court action the referee had entered findings, to wit, “The evidence is not sufficient to sustain the petition in delinquency.” The court referee then had recommended to the court that the petition be dismissed. We hold that the judgment of the trial court was correct and that the appellant’s constitutional rights were not violated.
This matter was initiated in the Adams County district court when a petition was filed in the juvenile division thereof alleging that the appellant J.A.M. had committed the crimes of theft and conspiracy to commit theft and was therefore a delinquent child. The appellant appeared at a preliminary hearing before the juvenile court referee; was advised of his rights; and the public defender was appointed to represent the child. His parents also were present and were represented by the public defender as well.
By agreement of all of the parties, pursuant to statute, a hearing was commenced before the referee. The relevant portion of the statute, 1967 Perm. Supp., C.R.S. 1963, 22-1-10(4) reads as follows:
“At the conclusion of a hearing, the referee shall transmit *248 promptly to the judge all papers relating to the case, together with his findings and recommendations in writing, and the referee shall advise the parties before him of his findings and recommendations and of their right to request a rehearing before the judge. Such rehearing shall be on the record of the hearing before the referee, except the judge may hear new evidence. The rehearing shall be held if a request is filed within five days after the conclusion of the hearing before the referee. If a rehearing before the judge is not requested or the right to review is waived, the findings and recommendations of the referee, when confirmed by an order of the judge, shall become the decree of the court. The judge may, on his own motion, order a rehearing of any case before a referee.” Id.
After the referee made his findings, appellants contended that such findings constituted a final adjudication requiring dismissal of the petition and release of the child. When the people, through the district attorney, moved for rehearing before the juvenile judge as provided in the portion of the statute above, counsel for the juvenile appellant moved to quash the rehearing on the grounds of double jeopardy pursuant to article II, section 18 of the Colorado constitution. His motion was denied and the rehearing proceeded before the judge.
We hold that the second hearing before the judge and the modification of the referee’s findings did not place the appellant child twice in jeopardy. When the parties agree, as here, to a hearing before a referee, they also agree, impliedly, to the statutory procedures outlined for such hearings in 1967 Perm. Supp., C.R.S. 1963, 22-1-1, et seq. Under these provisions, the findings and recommendations of the referee do not have the effect of a final judgment until adopted or modified by the court. Id. § 22-1-10 (4). Further, any party may, by following the statutory procedure, seek a rehearing, or the court may, on its own motion, order a rehearing. Id. The *249 procedure was correctly described by the court below in its conclusions of law:
“Such request for rehearing is in no sense akin to a motion for a new trial. A party may request court review as a matter of statutory right without pleading or claiming any error or omission. The essential ingredients, to give judicial effect to a referee’s findings and recommendations are: (a) a waiver, on the part of all parties, of a request for hearing before a judge, waiver may be affirmatively stated or may result from a lapse of five days without request and (b) confirmations of the findings and recommendations by the court.”
We are not here dealing with two separate proceedings, one before the referee and a second before the court, but rather with one proceeding to pass on the question of possible delinquency. If the parties agree, the first portion of the proceeding may be held before a referee, as was done in the instant case, but in no event will the proceeding be completed until action is taken by the court and a final order or judgment is entered. Respondents cite numerous cases dealing with the concept of when jeopardy attaches in criminal cases. While not disturbing the holding of these cases, we note they uniformly hold that jeopardy may not attach for the second time until after some form of judgment, acquittal or dismissal is reached in the first instance. See Krutka v. Spinuzzi, 153 Colo. 115, 384 P.2d 928; Markiewicz v. Black, 138 Colo. 128, 330 P.2d 539.
 We know of no constitutional requirement that proceedings in juvenile cases shall be conducted according to the criminal law, or that proceedings need take any particular form, so long as the essentials of due process and fair treatment are accorded. See In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527; Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84. In the instant case, the procedure involving a two-stage fact-finding process — with the first stage conducted by agreement of the parties before a referee with final judg *250 ment reserved for the court ■—■ was- not violative of these standards of due process and fair treatment.
Respondents also contend that the court below erred in taking, at the rehearing, evidence which had already been received by the referee. Inasmuch as the record before us on appeal does not include the testimony or evidence received at either hearing, we are unable to pass on this contention.
The order of the court below denying the motion to quash rehearing is affirmed.