No. C-33.

Mary Jane Martinez *v*. The People of the
State of Colorado.
(484 P.2d 792)

Decided April 26, 1971.

George A. Hinshaw, for petitioner.

No appearance for respondent.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

Defendant-Petitioner, Mary Jane Martinez, was charged with a series of violations of municipal ordinaces and state laws in connection with an automobile accident which occurred on June 22, 1969. Pertinent to this appeal were a charge, and subsequent conviction, in Aurora municipal court of a violation of Aurora Municipal Ordinance § 11-18-4, careless driving; and a charge, and subsequent conviction, in Arapahoe county court, of a violation of 1967 Perm. Supp., C.R.S. 1963, 13-5-30, driving under the influence of alcohol. The conviction in the county court on the charge of "driving under the influence" was appealed to the district court of Arapahoe County which held that evidence of the earlier conviction for careless driving in the Aurora municipal court did not preclude the county court conviction.

Certiorari was granted by this court on the issues which we discuss below. We note that no responsive pleadings were filed by the people, either in response to the Petition for Certiorari, or in answer to defendant's brief on appeal.

I.

██ The defendant first alleges that the Arapahoe county court was without jurisdiction to try the charge of driving under the influence, inasmuch as the statute under which she was charged, 1967 Perm. Supp., C.R.S. 1963, 13-5-30, had been repealed after the alleged violation but prior to trial. We find this argument to be without merit. The language of the general saving clause contained in C.R.S. 1963, 135-1-7, is as follows:

*"Penalties and liabilities not released by repeal.* The repeal, revision, amendment or consolidation of any statute or part of a statute or section or part of a section of any statute, shall not have the effect to release, extinguish, alter, modify or change in whole or in part any penalty, forfeiture or liability, either civil or criminal, which shall have been incurred under such statute, unless the repealing, revising, amending or consolidating act shall so expressly provide; and such statute or part of a statute or section or part of a section of a statute so repealed, amended or revised, shall be treated, and held as still remaining in force for the purpose of sustaining any and all proper actions, suits, proceedings and prosecutions, as well criminal as civil, for the enforcement of such penalty, forfeiture or liability, as well as for the purpose of sustaining any judgment, decree or order which can or may be rendered, entered or made in such actions, suits, proceedings or prosecutions imposing, inflicting or declaring such penalty, forfeiture or liability." *Id.*

The defendant argues that the only time when this statute can apply to save the application of a statute is when the penalty, forfeiture, or liability has been incurred at the time of the repeal of a specific statute. In

the instant case, the alleged violation took place on June 22, 1969; the statute pertaining to driving under the influence (1967 Perm. Supp., C.R.S. 1963, 13-5-30) was repealed effective July 1, 1969; with penalty not imposed until March 10, 1970, the date of the defendant's trial. Thus, the defendant argues, the savings clause had no effect, inasmuch as no penalty had been incurred at the time of the repeal.

We disagree with the defendant's reading of this statute. As the language clearly indicates, repealed statutory provisions remain in force insofar as pending actions, suits, proceedings and prosecutions are concerned. To hold otherwise would do violence to the expressed and plain intent of the legislature that the reservation as to pending prosecutions apply equally to matters arising before repeal, even though prosecution not be had until after such repeal. *See generally, Union Pac. R. R. v. Board of Com'rs of Weld County,* 217 F. 540 (1914); *Cavanaugh v. Patterson,* 41 Colo. 158, 91 P. 1117 (1907).

II.

The defendant next argues that both the double jeopardy provisions of the Fifth Amendment and state law were violated when, having been convicted of the charge of careless driving in a municipal court, she was tried and convicted of the charge of driving under the influence in a state court. The appropriate statute reads as follows:

"No person convicted of, or pleading guilty to, a violation of a municipal traffic ordinance shall be charged or tried in a state court for the *same or similar offense.*" C.R.S. 1963, 13-5-6(3). (Emphasis added.)

The protections afforded by the above statute have recently been included among those which the Supreme Court has found to be sheltered by our Federal Constitution. In the case of *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the Supreme Court declared the double jeopardy provisions of the Fifth Amendment were applicable to the states — thus over-

ruling *Palko v. Connecticut,* 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937). *Benton* was then applied to the facts of *Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970).

In *Waller* the defendant was charged with the violation of two city ordinances, was found guilty on both counts and was sentenced to 180 days in the county jail. Thereafter an information was filed against the defendant by the State of Florida charging him with grand larceny. It was conceded in that case that the information was based on the same acts of the defendant as were involved in the ordinance violations. In condemning such practices, Mr. Chief Justice Burger, writing for the majority, held that the correct relationship between municipal and state governments was not that of dual sovereigns:

"[W]e hold that * * * petitioner could not lawfully be tried by both the municipal government and State of Florida. In this context a 'dual sovereignty' theory is an anachronism, and the second trial constituted double jeopardy violative of the Fifth and Fourteenth Amendments to the United States Constitution." *Id.*

Thus, in the instant case, if the defendant was convicted twice for the same offense, such conviction constituted a violation of both her constitutional rights and our own state law.

 It is well established that a plea of double jeopardy is inappropriate unless the charge to which it is directed is the same in law and in fact as the former one relied on under the plea, and that "the test as to the identity of the offenses is whether the same evidence is required to sustain each." *Johnson v. People,* 152 Colo. 586, 384 P.2d 454 (1963), citing *Curtis v. United States,* 67 F.2d 943 (10th Cir. 1933). This requirement was further enunciated as follows:

"A test almost universally applied to determine the identity of the offenses is to ascertain the identity, in character and effect, of the evidence in both cases. If

the evidence which is necessary to support the second indictment was admissible under the former, related to the same crime, *and was sufficient if believed by the jury to have warranted a conviction of that crime,* the offenses are identical, and a plea of former conviction or acquittal is a bar." *Johnson v. People, supra, quoting* from *Davidson v. People,* 64 Colo. 281, 170 P. 962 (1918). (Emphasis in *Johnson.*)

Applying this "same evidence" test to the case before us, we are unable to conclude that careless driving and driving under the influence, constitute "the same or similar offenses" under C.R.S. 1963, 13-5-6(3). The mere fact that the defendant was driving in a careless fashion, while certainly a factor, was not sufficient, without more, to convict her of driving under the influence. Nor was the fact that the alcoholic content in her body was above a certain level sufficient to convict the defendant of the charge of careless driving. Although, again, the alcohol level could well have been a factor in the conviction.

In another recent Supreme Court decision, *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) a strongly worded concurring opinion by Mr. Justice Brennan (with Justices Douglas and Marshall in agreement) urged that the "same evidence" test be replaced by a "same transaction" or "same episode" test: "In my view, the Double Jeopardy Clause requires the prosecution, except in most limited circumstances, to *join at one trial* all the charges against a defendant which grow out of a single criminal act, occurrence, episode, or transaction." *Id.* (Emphasis added, footnotes omitted.)

*Ashe* involved a robbery, perpetrated by three or more persons, on six men who were playing poker. The defendant, Ashe, was tried and acquitted of the robbery of one of the victims, and then tried and convicted of the robbery of another. In reversing this conviction, Mr. Justice White, writing for a deeply divided court, appeared to give tacit approval to the "same evidence" test

although basing the reversal on "collateral estoppel" grounds:

"The ultimate question to be determined, then, in the light of *Benton v. Maryland, supra,* is whether this established rule of federal law [collateral estoppel] is embodied in the Fifth Amendment guarantee against double jeopardy. We do not hesitate to hold that it is. For whatever else that constitutional guarantee may embrace, *North Carolina v. Pearce,* 395 U.S. 711, 717, it surely protects a man who has been acquitted from having to 'run the gantlet' a second time. *Green v. United States,* 355 U.S. 184, 190.

"The question is not whether Missouri could validly charge the petitioner with six separate offenses for the robbery of the six poker players. It is not whether he could have received a total of six punishments if he had been convicted in a single trial of robbing the six victims. It is simply whether, after a jury determined by its verdict that the petitioner was not one of the robbers, the State could constitutionally hale him before a new jury to litigate that issue again." *Ashe v. Swenson, supra.* (Footnotes omitted.)

The judgment of the district court upholding the conviction is affirmed.

MR. JUSTICE GROVES concurring in the result.

MR. CHIEF JUSTICE PRINGLE dissenting.