No. C-304

The People of the State of Colorado in the Interest of M.K.A., Upon the Petition of A.M.B., and Concerning M.R.A.

(511 P.2d 477)

Decided July 2, 1973.

Max P. Zall, City Attorney, Carl R. Mangino, Assistant, Frank A. Elzi, Assistant, Robert A. Powell, Assistant, for petitioner.

Robert T. Page, for respondent.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

We granted certiorari to the Court of Appeals to review a decision reversing a Denver Juvenile Court judgment of paternity and contributing to the dependency of a child born

174

out of wedlock. *In Re the People of the State of Colorado in the Interest of M.K.A., a Child, Upon the Petition of A.M.B., Petitioner, and Concerning M.R.A., Respondent,* 31 Colo. App. 275, 502 P.2d 101 (1972).

The chronology of events is crucial to the issue in this case. On April 2, 1964, a petition was filed alleging that respondent was the father of and, by reason of failure to support his child, was contributing to the dependency of M.K.A., pursuant to C.R.S. 1963, 22-7-1 *et seq.* On July 29, 1964, on motion of the petitioner, the trial court ordered the action continued indefinitely due to the inability of the petitioner to effectuate service of process on the respondent. A hearing date was set on December 23, 1969, and service was obtained on December 23, 1969. Finally, the dependency hearing and paternity action took place on March 10, 1971. The court determined respondent to be the father of M.K.A., and further determined that he was contributing to the dependency of the child.

A procedural problem raised in the trial court and to which the Court of Appeals' decision was directed stems from the change in the law in the interim between the filing of the petition in 1964 and the ultimate finding of paternity and contributing to dependency in 1971. The Colorado legislature enacted 1967 Perm. Supp., C.R.S. 1963, 22-1-1 *et seq.,* known as Colorado Children's Code. In it, C.R.S. 1963, 22-1-7, the section under which this action was commenced, was repealed. At the hearing, respondent contended that the repeal of the former statute made proceedings under that section improper. The trial court ruled, however, that because the petition was filed prior to the enactment of the Children's Code, the previous statute continued to govern the action. The Court of Appeals reversed, holding that a new paternity action had to be filed, because the initial action was extinguished by the enactment of the Children's Code. We reverse the decision of the Court of Appeals.

The provisions of the Colorado Children's Code must be liberally construed. 1967 Perm. Supp., C.R.S. 1963, 22-1-2(2). The savings clause of the Colorado Children's

Code, 1967 Perm. Supp., C.R.S. 1963, 22-1-13 provides:
"All orders and decrees in proceedings concerning depend-
ency and neglect, delinquency, relinquishment, adoption,
paternity, or contributing to dependency or delinquency
entered by the court prior to enactment of this chapter shall
remain in full force and effect until modified or terminated
by the court, as provided in this chapter."
In addition, the general savings clause of the Colorado
statutes, C.R.S. 1963, 135-1-7, provides:
"The repeal, revision, amendment or consolidation of any
statute or part of a statute or section or part of a section of
any statute, shall not have the effect to release, extinguish, al-
ter, modify or change in whole or in part any penalty, forfei-
ture or liability, either civil or criminal, which shall have been
incurred under such statute, unless the repealing, revising,
amending or consolidating act shall so expressly provide; and
such statute or part of a statute or section or part of a section
of a statute so repealed, amended or revised, shall be treated,
and held as still remaining in force for the purpose of sustain-
ing any and all proper actions, suits, proceedings and prosecu-
tions, as well criminal as civil, for the enforcement of such
penalty, forfeiture or liability, as well as for the purpose of sus-
taining any judgment, decree or order which can or may be ren-
dered, entered or made in such actions, suits, proceedings or
prosecutions imposing, inflicting or declaring such penalty,
forfeiture or liability."
 It is well settled that two statutes concerning the
same subject matter should be read together. Here, both
statutes are addressed to the question of the continuance of a
cause of action filed before the repeal of the statute on which
the action was based. Viewed in this manner, we believe it is
the legislative intent that a properly filed cause of action
founded on the then existing statute, though that statute is
later repealed, continues in full force and effect for the
purpose of sustaining liability, penalty or forfeiture. Thus,
the filing of a proper complaint is sufficient to save the
action herein. It was not necessary that an order or judgment
be entered prior to repeal.

In support of its holding, the Court of Appeals apparently relied on *Vail v. Denver Building & Construction Trades Council,* 108 Colo. 206, 115 P.2d 389 (1941). We believe *State v. McMillin,* 150 Colo. 23, 370 P.2d 435 (1962), more directly bears on the issue in this case. In *McMillin,* the State Department of Agriculture sprayed defendant's land with insecticide pursuant to an emergency statute designed to halt a grasshopper plague. The statute further required that the owner of the land pay part of the cost of the spraying. The defendant refused. The State brought suit in 1960 though the emergency statute expired by its own terms in 1958. We held that the expiration was to be treated as a repeal and that the right of action which accrued under the emergency act was saved by C.R.S. '53, 135-1-7, the predecessor of C.R.S. 1963, 135-1-7. The *McMillin* case was much broader, holding that the repeal of a statute does not bar actions commenced after the repeal if predicated on liability which accrued when the act was in force, unless the repealing statute expressly bars such action.

More recently, in *Martinez v. People,* 174 Colo. 365, 484 P.2d 792 (1971), where it was contended that the repeal of the then existing statute regulating driving under the influence of alcohol barred prosecution for an act committed while the statute was in effect, we held that C.R.S. 1963, 135-1-7, continued the liability imposed under the old statute. The application of that case to the one at bar is illustrated by the following:

"* * * To hold otherwise would do violence to the expressed and plain intent of the legislature that the reservation as to pending prosecutions apply equally to *matters arising before repeal,* even though prosecution not be had until after such repeal. * * *" (Emphasis added.)

*See also,* 1A *Sutherland, Statutes and Statutory Construction* § 23.37 (4th ed. 1972).

We hold, therefore, that a properly filed action founded on a statute later repealed by the Colorado Children's Code continues in full force and effect for the purpose of sustaining liability, penalty or forfeiture.

The decision of the Court of Appeals is reversed and the cause remanded for further remand to the Denver Juvenile Court for proceedings not inconsistent with this opinion.