## No. 25991

### The People of the State of Colorado v. Robert J. Horvat
(527 P.2d 47)

Decided September 23, 1974.

J. E. Losavio, Jr., District Attorney, Tenth Judicial District, Dennis E. Faulk, Deputy, David E. Wade, Deputy, for plaintiff-appellant.

William L. Lloyd, for defendant-appellee.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Pursuant to Colo. Sess. Laws 1972, ch. 44, 39-12-102, the district attorney brings this appeal from an order of the

district court granting defendant-appellee's motion to dismiss an information which charged that while under the influence of intoxicating liquor he unlawfully and feloniously inflicted bodily injury upon one Sandra L. Dahl by operating and driving a motor vehicle in a reckless, negligent and careless manner. The district court determined that to try defendant under this information would place him in double jeopardy, inasmuch as he had been tried on charges of reckless driving and careless driving arising out of the same transaction, filed under the Municipal Traffic Code of the City of Pueblo. We affirm the judgment of dismissal.

The relevant facts as found by the court are that on November 23, 1971, defendant was involved in an automobile accident in Pueblo. As a consequence, he was charged on November 25, 1971, with reckless and careless driving in violation of sections 5-1 and 5-2 of the traffic code of the city of Pueblo. He was tried in the Pueblo municipal court on October 31, 1972, and was acquitted of reckless driving and convicted of careless driving.

On December 29, 1971, a complaint was filed in the county court, charging defendant with unlawfully and feloniously inflicting bodily injury upon one Sandra Dahl while under the influence of intoxicating liquor by operating and driving a motor vehicle in a reckless, negligent or careless manner, in violation of C.R.S. 1963, 40-2-11. Admittedly, this charge was based on the same transaction upon which the ordinance violations were predicated.

A preliminary hearing was held and the court found probable cause to support the complaint. The defendant was bound over to the district court and on February 4, 1972, an information was then filed in the district court.

After trial in the municipal court, defendant moved for a dismissal of the felony information in the district court. This motion was granted and the district attorney has appealed from the order of dismissal.

The trial court entered written findings and conclusions of law. Among the conclusions the court stated:

"The city charge and the state charge all arise out of the same transaction, the same accident, the same alleged single

criminal act, occurrence, episode, or transaction. Exactly the same evidence is necessary to prove reckless, negligent, or careless driving in the state charge as was necessary in the city charge.

"* * * [T]he defendant has been tried for reckless and careless driving having heretofore been found not guilty of reckless driving and guilty of careless driving by the Municipal Court of the City of Pueblo. Therefore, to try him under the Information in the instant case would be to put him in double jeopardy."

The court held that the law of double jeopardy as enunciated by the Supreme Court of the United States precluded a trial of defendant-appellee on the felony information, in view of the earlier trial in the Pueblo municipal court on similar charges arising out of the same transaction.

In *Benton v. Maryland,* 395 U.S. 784, 89 S. Ct. 2056, 23 L.Ed.2d 707, the Supreme Court held the double jeopardy protection of the Fifth Amendment to the United States Constitution was applicable to the states. It is accordingly clear that double jeopardy protection as defined and declared by the Supreme Court is binding upon the states and supersedes previous pronouncements of state courts if inconsistent therewith.

In *Ashe v. Swenson,* 397 U.S. 436, 90 S. Ct. 1189, 25 L.Ed. 469, the Court confirmed the doctrine that collateral estoppel is an integral part of the concept of double jeopardy. Simply stated, collateral estoppel bars relitigation between the same parties of issues actually determined at a previous trial. The Court stated:

"The ultimate question to be determined, then, in the light of *Benton v. Maryland, supra,* is whether this established rule of federal law [collateral estoppel] is embodied in the Fifth Amendment guarantee against double jeopardy. We do not hesitate to hold that it is. For whatever else that constitutional guarantee may embrace, *North Carolina v. Pearce,* 395 U.S. 711, 717, it surely protects a man who has been acquitted from having to 'run the gantlet' a second time. *Green v. United States,* 355 U.S. 184, 190."

In *Waller v. Florida,* 397 U.S. 387, 90 S. Ct. 1184, 25

L.Ed.2d 435, the Court held that the scope of the Fifth Amendment protection against double jeopardy precluded recognition of the doctrine of "dual sovereignty" with respect to separate state and municipal prosecutions, such as we have in this case. The Court observed that the political subdivisions of states, whether counties or cities, never were and never have been considered as sovereign entities, but rather have been regarded as subordinate governmental instrumentalities created by the state to assist in carrying out state governmental functions. *Cf. County Comm. v. Love,* 172 Colo. 122, 470 P.2d 861; *Commissioners v. Denver,* 150 Colo. 198, 372 P.2d 152; *Colorado I. & R. Co. v. Drainage Dist.,* 83 Colo. 468, 266 P. 501. In *Waller* the Court ruled:
"* * * [W]e hold that on the basis of the facts upon which the Florida District Court of Appeal relied petitioner could not lawfully be tried both by the municipal government and by the State of Florida. In this context a 'dual sovereignty' theory is an anachronism, and the second trial constituted double jeopardy violative of the Fifth and Fourteenth Amendments to the United States Constitution."
*Waller, supra,* was held to be fully retroactive in *Robinson v. Neil,* 409 U.S. 505, 93 S. Ct. 876, 35 L.Ed.2d 29.

█ The *Waller* pronouncement makes it evident that the accused in the instant case could not be tried in both the state and the municipal courts for charges based on the same acts arising out of the same transaction. There is no dispute that the charges for violation of the municipal ordinances and the felony charges under the information arose out of the same acts of defendant-appellee in the same transaction.

█ We note that in early cases our Court recognized the concept of dual sovereignty for the purposes of prosecution and punishment of an accused in both a state and municipal court for the same act. *McInerney v. City of Denver,* 17 Colo. 302, 29 P. 516; *Durango v. Chapman,* 27 Colo. 169, 60 P. 635; *People v. Miller,* 53 Colo. 370, 127 P. 228. Under the ruling in *Waller, supra,* the concept of dual sovereignty is no longer viable in Colorado and the foregoing cases are expressly overruled.

It is clear that the collateral estoppel principle, as embodied in double jeopardy by *Ashe v. Swenson, supra,* is applicable here. Initially, we note that we have the same parties to both prosecutions. Under *Waller, supra,* the state and the municipality are regarded as one and the same. Next, the necessary elements to be proved, among others, to sustain a conviction under C.R.S. 1963, 40-2-11, include a finding that the accused operated the vehicle which caused the injury in a reckless, negligent or careless manner. In the municipal court, he was acquitted on the issue of reckless driving. That issue having been there litigated, could not be relitigated in the felony trial under the doctrine of collateral estoppel. The classic plea of autrefois acquit is appropriate under these circumstances. Concerning proof of the alternate essential element — that of negligent or careless operation of the vehicle — the accused was found guilty in the municipal court. This factual issue could not again be litigated, as he could not again be tried or punished for the same conduct. Autrefois convict is a proper plea in this circumstance.

The People argue that *Martinez v. People,* 174 Colo. 365, 484 P.2d 792, requires reversal of the judgment of dismissal. We disagree. In *Martinez, supra,* the accused was charged in the municipal court and convicted of careless driving, and then charged in the state court and convicted of violation of C.R.S. 1963, 13-5-30, driving while under the influence of intoxicating liquor. There, the absence of common legal elements of proof was delineated and the offenses charged were not deemed to be the same. *Martinez* did, however, point out the applicability of the same evidence test when common legal elements and issues of fact are involved, as in the present case. Issues of fact having once been tried and validly determined may not be retried under the double jeopardy standards as announced in *Ashe v. Swenson, supra.*

The People further argue that *Daniels v. People,* 159 Colo. 190, 411 P.2d 316, supports reversal in this case. The determination in *Daniels, supra,* related to whether drunk driving, reckless driving and careless driving were lesser

included offenses of causing a death while operating a vehicle in a reckless, negligent or careless manner. We are not here concerned with lesser included offenses and the holding in *Daniels* in no way derogates the collateral estoppel aspect of double jeopardy heretofore discussed.

We regard appellant's further argument, predicated on the home rule status of the city of Pueblo as giving it exclusive jurisdiction to try an accused for reckless or careless driving occurring within its territorial limits, as inapposite. The fact is that no challenge is made to the judgments of conviction and acquittal in the municipal court. The sole issue here relates to retrial in the state court.

We have considered appellant's other arguments for reversal and find them to be without merit.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE GROVES concur in the result.