Dr. Calvin M. Frazier, Commissioner Colorado Department of Education State Office Building, Fifth Floor 201 East Colfax Avenue Denver, Colorado 80203
Dear Dr. Frazier:
QUESTION PRESENTED AND CONCLUSION
You have requested an attorney general's opinion on the following question:
Can local school districts levy additional mills of property tax beyond that provided by the Public School Finance Act for the purpose of establishing self-insurance pools for liability and property insurance as specified in C.R.S. 1973, 24-10-115,24-10-115.5, and 29-13-101 through 103?
 For the reasons which follow, I have concluded that school districts may levy additional mills of property tax beyond that provided by the Public School Finance Act to establish self-insurance reserve funds.
ANALYSIS
School districts are expressly authorized to establish self-insurance pools for liability insurance (C.R.S. 1973, 24-10-115,24-10-103(5)), and for property insurance (C.R.S. 1973,29-13-101, enacted in 1979). Each of these statutory authorizations now permits school boards to include in the district's annual levy such amounts as are determined to be necessary for the insurance reserve funds, "subject to the limitation imposed by C.R.S. 1973, 29-1-301." (C.R.S. 1973, 24-10-115(3) and 29-13-101(3)).
These insurance reserve funds are to be legally distinct and separate entities, and are to be "kept separate and apart from all other funds." C.R.S. 1973, 24-10-115(3) and 29-13-101(3). The statutory provisions establish a legal status for these funds that distinguishes them from the general fund of school districts as defined in C.R.S. 1973, 22-45-103(1)(a). Further, school districts are authorized to levy property taxes in sufficient amounts to finance the insurance reserve funds. The levy for this purpose, then, is also separate and distinct from the levy for its general fund necessary to finance the authorized revenue base under the Public School Finance Act (see,e.g., C.R.S. 1973, 22-50-106(1)). This analysis is supported, for example, by the definition of "fund" in the School District Budget Law, C.R.S. 1973, 22-44-102(6). These insurance reserve funds are authorized separately and financed separately from the authorized revenue base in the Public School Finance Act. It should be noted that school districts' boards of education have the statutory authority to procure insurance coverage generally in C.R.S. 1973, 22-32-110(1)(s), (t), (u) and (v).
Having determined that these self-insurance reserve funds are separate and distinct funds, and are not related to the authorized revenue base funding of the Public School Finance Act, the next question is the effect of the language in C.R.S. 1973,24-10-115(3) and 29-13-101(3) which permits public entities, including school districts, to finance their funds through their annual tax levy "subject to the limitation imposed by C.R.S. 1973, 29-1-301."
The limitation in C.R.S. 1973, 29-1-301 reads as follows:
 (1) Except as otherwise provided, all statutory tax levies when applied to the total valuation for assessment of the state, each of the counties, cities, and towns not chartered as home rule, and each of the fire, sanitation, irrigation, drainage, conservancy, and other special districts established by law, shall be so reduced as to prohibit the levying of a greater amount of revenue than was levied in the preceding year plus seven percent except to provide for the payment of bonds and interest thereon.
In analyzing this provision, it is clear that it does not apply to school districts. This analysis is confirmed by a review of its history. Prior to 1969, this provision, then C.R.S. 1963, 88-3-1(1), expressly applied to school districts. In 1969, an amendment removed school districts from its coverage. The limitations applicable to school districts are found in the Public School Finance Act, and related statutes. The entire mechanism of the Public School Finance Act, with the authorized revenue base formula, further emphasizes the conclusion that the seven percent limitation in C.R.S. 1973, 29-1-301 does not apply to school districts.
It is a well settled rule of statutory construction that when two statutes concern the same legislative scheme, they should be read together to reasonably effect the legislative intent.See e.g., People in Interest ofM. K. A., 182 Colo. 172, 511 P.2d 477 (1973);Public Employees Retirement Association v.Greene, 195 Colo. 575, 580 P.2d 385 (1978).
In view of the prior language of C.R.S. 1973, 24-10-115(3), which imposed a ten mill limit on levies for self-insurance funds, and the current language of that provision and of C.R.S. 1973,29-13-101(3), it appears the general assembly does want to impose some type of limitation on these funds. However, the present language of the two self-insurance statutes, making the tax levy subject to C.R.S. 1973, 29-1-301, cannot be reconciled with the fact that C.R.S. 1973, 29-1-301 does not apply to school districts, and with the realities of the financing scheme of the Public School Finance Act. It appears therefore that this matter should be clarified by the general assembly.
Because the seven percent limitation does not apply to school districts, and because on its face it restricts the entire amount of property tax revenue raised by the taxing jurisdiction, the legislative result is that school districts are not subject to the seven percent limitation in levying property taxes to finance self-insurance reserve funds.
The limitation imposed by C.R.S. 1973, 29-1-301 does not apply to school districts, nor does it apply to special statutory funds of school districts such as self-insurance reserve funds. Because the limitation in C.R.S. 1973, 29-1-301 does not apply to school districts, the self insurance funds of school districts are not subject to that limitation.
SUMMARY
Therefore, it is my opinion that local school districts are authorized to levy additional mills of property tax beyond that provided by the Public School Finance Act for the purpose of establishing self-insurance reserve funds.
Very truly yours,
 J.D. MacFARLANE Attorney General
SCHOOL DISTRICTS INSURANCE TAXATION AND REVENUE
C.R.S. 1973, 24-10-115
C.R.S. 1973, 24-10-115.5
C.R.S. 1973, 29-13-101
C.R.S. 1973, 29-13-102
C.R.S. 1973, 29-13-103
EDUCATION, DEPT. OF Administration
School districts may levy additional mills of property tax beyond that provided by the Public School Finance Act to establish self-insurance reserve funds.