John J. Tipton Executive Director Colorado Department of Revenue 404 Capitol Annex 1375 Sherman St. Denver, CO 80261
Dear Mr. Tipton:
This opinion letter is in response to your letter of December 15, 1989, in which you inquired whether the Distributive Data Processing System is exempt from the authority of the Commission on Information Management.
QUESTION PRESENTED AND CONCLUSION
1. Whether the Distributive Data Processing System is exempt from the authority of the Commission on Information Management and the requirements of §§ 24-30-1702 and 1703, C.R.S. (1988).
No, it is not.
ANALYSIS
In 1983, the General Assembly established a Statewide Distributive Data Processing System (hereinafter the "System"), to provide the necessary data processing equipment and software for processing motor vehicle registration and title documents. Section 42-1-210.1, C.R.S. (1984). This System is managed by the Department of Revenue (hereafter, "the Department"). Section 42-1-210.1(1), C.R.S.(1984).Plans for the development and operation of this System must initially be approved by an Advisory Committee, the members of which are appointed by the Executive Director of the Department from among "authorized agents." Section 42-1-210.1(4)(a), C.R.S.(1989 Supp.).[1] Funds for the operation of the System are derived from fees imposed by § 38-29-138(1), (2), and (5), C.R.S. (1982), and §§ 42-3-106(24) and 42-6-135(1), (2), and (5), C.R.S. (1984). Those fees are collected and placed in a Special Purpose Account in the Highway Users Tax Fund pursuant to § 42-1-210.1(2), C.R.S. (1984).
In 1987, four years after the establishment of the System, the General Assembly enacted §§ 24-30-1701 through -1704, C.R.S. (1988). This statute created in the Department of Administration the Commission on Information Management (hereafter, "the CIM"). Section 24-30-1701, C.R.S. (1988). The purpose of the CIM is to oversee strategic planning and set policy for the state's information systems, and to assure continuity in planning and controlling the state's investment in information systems. Section 24-30-1702(1), C.R.S. (1988). Pursuant to § 24-30-1703, C.R.S. (1988), state agencies retain general supervision over their automated data processing systems, but are required to comply with the plans, policies, directives, rules, and regulations issued by the CIM.
The extent of CIM's authority over the System is a matter of statutory construction. Two statutes concerning the same subject matter should be read together and harmonized wherever possible.People in the Interest of M.K.A., 182 Colo. 172,511 P.2d 477, 479 (1973). To the extent they are inconsistent, the one enacted later in time prevails. Lininger v. City ofSheridan, 648 P.2d 1097, 1099 (Colo.App. 1982). This follows because a statute is presumably passed with deliberation and full knowledge of all existing law dealing with the same subject. In Re U.S. District Court for the District ofColorado, 179 Colo. 270, 499 P.2d 1169, 1171 (1972).
With these principles in mind, I conclude that the System is not exempt from the authority of the CIM. The clear meaning of the later-enacted § 24-30-1702(1), C.R.S. (1988) is that the CIM oversee all state data processing systems; no specific exemptions are mentioned. Furthermore, by the terms of § 42-1-210.1(1), C.R.S. (1984), the System is a "statewide" system under the management of a state agency: the Department of Revenue.
Although the System is funded by a Special Purpose Account in the Highway Users Tax Fund, these funds are derived from fees imposed by state statutes, collected by county officials acting in the capacity of authorized agents for the Department, and deposited in a state account. Consequently, the Special Purpose Account funds represent an investment of state moneys in a state-managed data processing system, which CIM has been granted the authority to control. Section 24-30-1702, C.R.S. (1988).
SUMMARY
The Distributive Data Processing System created by § 42-1-210.1, C.R.S. (1984) is not exempt from the authority of the Commission on Information Management.
Sincerely,
 DUANE WOODARD Attorney General
DATA PROCESSING MOTOR VEHICLE LICENSE AND REGISTRATION COUNTY OFFICERS AND EMPLOYEES
§§ 24-30-1701 through 1704, C.R.S. (1988) § 42-1-102(4), C.R.S. (1984) § 42-1-210, C.R.S. (1984) § 42-1-210.1, C.R.S. (1984)
REVENUE, DEPT. OF
Distributive Data Processing System created by § 42-1-210.1, C.R.S. (1984) is not exempt from the authority of the Commission on Information Management, §§ 24-30-1701 through 1704, C.R.S. (1988).
[1] "Authorized agents" are certain county officers designated by law to act as agents of the Department in issuing vehicle registrations and collecting registration and license fees. Sections 42-1-102(4) and 42-1-210, C.R.S. (1984).