QUESTION PRESENTED AND CONCLUSION
Are written communications provided by a state institution, agency, or political subdivision in alternative dispute resolution proceedings confidential, or are they subject to disclosure pursuant to the Colorado Open Records Act?
Although written communications prepared during alternative dispute resolution proceedings are confidential, a final written settlement agreement that is fully executed between a state institution, agency, or political subdivision, and an employee or other third party as a result of alternative dispute resolution, is subject to the Open Records Act.
 ANALYSIS
Colorado law provides that all public records shall be open to the public for inspection, unless specifically exempted. See
Open Records Act ("Act"), § 24-72-201, C.R.S. (1997). However, the Act specifically exempts public records from being disclosed to the public that are made confidential through state law. Sections 24-72-203(1)(a) and 24-72-204(1)(a), C.R.S. (1997).Denver Post Corp. v. University of Colorado, 739 P.2d 874, 877
(Colo.App. 1987).
The Dispute Resolution Act ("DRA"), provides that communications conducted or provided in mediation or in a dispute resolution proceeding are confidential, unless the parties consent in writing to disclosure, or the communication is required by statute to be made public. Section 13-22-307(2)(a) and (c), C.R.S. (1997).
DRA defines mediation communication as any oral or written communication prepared or expressed for the purposes of a mediation or dispute resolution proceeding. However, the DRA specifically exempts a final fully executed written agreement reached as a result of a mediation or dispute resolution proceeding from the definition of a mediation communication. Section 13-22-302(2.5), C.R.S. (1997).
In 1990, the Court of Appeals held that a final settlement between the University of Colorado and a former Chancellor should be open to the public for inspection. The Denver Publishing Co.v. University of Colorado, 812 P.2d 682, 684-685 (Colo.App. 1990). The Court found that "the public's right to know how public funds are expended is paramount considering the public policy of the Open Records Act." Id. at 685. However, the Court in Denver Publishing stated that preliminary statements made during the arbitration process were properly withheld and that the release of information related to the settlement was properly limited to the terms of the settlement agreement. Id. at 685.
In searching for legislative intent, statutes must be read and considered as a whole, and the meaning of any one section must be gathered from a consideration of the entire legislative scheme. State Highway Comm'n v. Haase, 537 P.2d 300, 305,189 Colo. 69, 75 (1975). Two statutes concerning the same subject matter should be read together. In re People In Interest ofM.K.A., 511 P.2d 477, 479, 182 Colo. 172, 175 (1973).
To determine the legislative scheme regarding whether written mediation communications are confidential or are subject to public disclosure, the Open Records Act and the Alternate Dispute Resolution Act must be analyzed together to ascertain the intent of the General Assembly. Analyzing the entire legislative scheme, it is clear that the General Assembly intended written communications prepared by a state institution, agency, or political subdivision during mediation service or dispute resolution proceedings authorized under the DRA to be confidential and not subject to the Open Records Act. However, it is also clear that the General Assembly intended a final settlement agreement entered into between a state institution, agency, or political subdivision and an employee, as a result of dispute resolution, to be an open record and subject to the Open Records Act.[1]
 CONCLUSION
Written communications provided by a state institution, agency, or political subdivision during alternative dispute resolution proceedings are confidential and are not subject to the Open Records Act. However, a final settlement agreement entered into between a state institution, agency, or political subdivision and an employee, as a result of alternative dispute resolution, is an open record and subject to the Open Records Act.
 SUMMARY
Although written communications prepared during alternative dispute resolution proceedings are confidential, a final fully executed settlement agreement is subject to the Open Records Act.
Sincerely,
GALE A. NORTON Attorney General
HOLLIE R. STEVENSON Assistant Attorney General
[1] This result is consistent with the Post-Employment Compensation Act, Sections 24-19-101 to 108, C.R.S. (1997). That statute provides that final settlement agreements are open records. Sections 24-19-105, 107, C.R.S. (1977). The Post-Employment Compensation Act does not apply to tenured faculty members or classified employees, many of the persons who would be settling cases with the University of Colorado. Settlement agreements with those persons would be subject to the general provisions of the Open Records Act and the DRA, discussed above.