No. 18,790.

ROBERT MICHAEL MARKIEWICZ, ET AL. *v.* WILLIAM A. BLACK AS JUDGE OF THE DISTRICT COURT, ETC.
(330 P. [2d] 539)

Decided October 14, 1958.

Mr. NATHAN LEE BAUM, for petitioners.

Hon. WILLIAM A. BLACK, respondent, pro se.

*En Banc.*

Mr. Justice Hall delivered the opinion of the Court.

On August 7, 1958, plaintiffs Robert Michael Markiewicz and George Hubert Pearson filed their verified petition in this court, naming as defendants Judge William A. Black and the District Court of the City and County of Denver. Plaintiffs sought a writ of prohibition prohibiting the defendants from proceeding further in Criminal Cause No. 44,448 pending in said district court. In this opinion we refer to plaintiffs as petitioners and to defendants as respondents.

On presentation of said petition, we entered an order directing respondents to show cause why the relief sought should not be granted.

On August 28, 1958, an answer to the rule to show cause was filed herein.

The petition alleges that petitioners were, on December 9, 1957, named as defendants in a two count information filed in Criminal Action No. 44,032 in the above mentioned district court, wherein petitioners were charged in the first count with: assault and robbery of one Alma E. Price; in the second count with: conspiring to commit the offense set forth in the first count.

On December 20, 1957, each of the petitioners entered his plea of guilty to the first count of the information and at that time the district attorney withdrew the second count, and on said day the matter was continued until January 16, 1958, for taking of evidence, consideration of pre-sentence report and consideration of application for probation, which report and application were to be filed prior to said date. On January 16, 1958, the district attorney offered proof of the fact that petitioners had robbed one Ben Cohen, an offense with which they were charged in another information; there was no evidence produced that the petitioners had robbed Alma E. Price, as alleged in the information and to which charge

petitioners had pleaded guilty. The respondent Black found that the evidence did not sustain the charge of the information or the guilty plea and thereupon ordered the case dismissed and the defendants discharged.

Shortly thereafter the district attorney filed another information, No. 44,448, charging the petitioners with the identical offense charged in No. 44,032. Petitioners filed their motion for dismissal of No. 44,448, assigning as reason therefor the fact that they had been charged with the same offense in No. 44,032 and had been placed in jeopardy and discharged and, having been in jeopardy, could not be again placed in jeopardy for the same offense. This motion was denied and Case No. 44,448 was set for trial on July 30, 1958, and was thereafter continued for setting until August 7, 1958. Petitioners allege that unless restrained, respondent William A. Black will set the case for trial and proceed with the trial thereof.

The answer admits the facts alleged in the petition and as set forth above, but is not in agreement with the conclusions of law drawn by counsel for petitioners.

■ Admittedly, the information in No. 44,032 charged an offense, and No. 44,448 charges the same identical offense; from which it follows that if petitioners have been in jeopardy in No. 44,032 then clearly all proceedings under No. 44,448 constitute an invasion of petitioners' constitutional protection against being twice put in jeopardy for the same offense. Article II, section 18, of the Constitution of the State of Colorado provides:

"No person shall be compelled to testify against himself in a criminal case nor shall any person be twice put in jeopardy for the same offense. * * *."

The first question to be determined is whether proceedings had in Case No. 44,032 served to place the petitioners in jeopardy as contemplated by the above constitutional inhibition.

■ The general rule as to the point of time when, or the state of the prosecution at which, jeopardy attaches is well stated in 22 C.J.S. 375, §241, as follows:

" * * * The general rule established by the preponderance of judicial opinion and by the best considered cases is that, when a person has been placed on trial on a valid indictment or information before a court of competent jurisdiction, has been arraigned, and has pleaded, and a jury has been impaneled and sworn, he is in jeopardy, but that, until these things have been done, jeopardy does not attach. * * * it is not ordinarily necessary that the prior trial shall have resulted in a valid judgment either of conviction or acquittal; it is sufficient if the prisoner was actually placed in jeopardy in that he was in danger of having a valid judgment pronounced as the result of the trial; it is not the verdict or judgment which places a prisoner in jeopardy. In a case submitted to the court without a jury, jeopardy begins after accused has been indicted, arraigned, and has pleaded, and the court has begun to hear the evidence, or the trial has begun by the reading of the indictment to the court. This assumes, of course, that the court has jurisdiction."

And the rule in case of a plea of guilty is stated in 22 C.J.S. 385, §248:

" * * * A plea of guilty to an indictment, in good faith, with its entry on the record, is jeopardy, although judgment was suspended or the prosecution was dismissed without the consent of accused; but accused is not in jeopardy if his plea of guilty is extorted by duress or by fear of mob violence."

Tested by either of these rules, it is apparent that the petitioners were placed in jeopardy in Action No. 44,032.

The record before us shows without contradiction that (1) the information is valid; (2) that the district court was a court of competent jurisdiction, having jurisdiction of both the crime and the defendants, and (3) that on December 20, 1957, petitioners had been arraigned and tendered pleas of guilty, and said pleas had been accepted and entered of record and had not been withdrawn. At this stage of the proceedings petitioners were in jeopardy.

 The hearing on January 16, 1958, at which time evidence was produced by the district attorney in compliance with C.R.S. '53, 39-7-8, for the purpose of enlightening the court prior to passing sentence and ruling on the application for probation, was another step adding to petitioners' position of jeopardy. At this hearing the respondent heard the evidence presented, found that the evidence did not sustain the pleas, and ordered the case dismissed and the petitioners discharged. We need not pass on the propriety of this order — right or wrong, petitioners were in jeopardy.

In *State v. Pittsburg Paving Brick Co.*, 117 Kan. 192, 230 Pac. 1035, defendants were indicted for violation of the Antitrust Law. The defendants were arraigned, entered pleas, waived a jury, and agreed to trial on an agreed statement of facts. The court made the following notation on his minute docket:

"Oct. 11-21. Arraignment waived and plea of not guilty entered by all of the defendants. Case submitted on agreed facts; jury waived."

Thereafter the defendants urged that the Antitrust Law was unconstitutional; whereupon the court called counsel before the court and set aside the submission and fixed a future trial date, to which defendants objected for the reason that jeopardy had attached by submission of the case on an agreed statement of facts. This objection was overruled, trial had, conviction obtained and on appeal the conviction was reversed and the defendants discharged because of their being twice placed in jeopardy. The court said:

"So far as jeopardy is concerned, the commencement of a trial without a jury must be deemed the equivalent of one begun with a jury. The peril of jeopardy arises before a judge acting alone under the same circumstances as before a judge and jury. The submission of the case on the agreed facts advanced the trial to the stage reached in a trial with a jury where the testimony of all the witnesses of both parties had been taken and

presented to a duly impaneled jury, which had taken the weight and effect of the evidence under consideration. * * *."

█ If the evidence presented in No. 44,032 had shown the petitioners robbed Alma E. Price, a finding of guilt and punishment would have been in order; the fact that the evidence did not warrant a finding of guilt does not change the petitioners' status of being in jeopardy, viz, being in danger of having a valid judgment of guilt pronounced against them. *People ex rel. Meyer v. Warden of Nassau County Jail,* 269 N. Y. 426, 199 N. E. 647.

█ The petitioners were in jeopardy at the time they tendered their pleas of guilty and such pleas were accepted by the respondent. 22 C.J.S. 385, §248, supra.

In *State v. Blackwell,* 65 Nev. 405, 198 P. (2d) 280, a case in which a plea of guilty had been entered, the court, in disposing of a plea of double jeopardy, said:

"In the primary application of the rule against double jeopardy, the plea of guilty protects the accused from a subsequent accusation and trial for the same offense. If, through some failure of procedure, the plea of guilty has not been followed by judgment and sentence, the accused is nevertheless protected from another trial on the same charge. As against any new charge for the same offense, he may plead the former conviction. It would seem, however, that the rule that a plea of guilty constitutes jeopardy has its proper application and force only as against a new charge for the same crime, and not to a continuing proceeding on the one, original charge."

In *Belter v. State,* 178 Wis. 57, 189 N.W. 270, the defendant was brought before *the lower branch of the municipal court of Langlade County* upon a complaint and warrant charging him with the unlawful possession of green skins of muskrats and mink. On October 24, 1921, the defendant entered a plea of guilty to the complaint, at which time the court remanded the defendant to jail until the following morning, at which time sentence was to be

imposed. On the following morning, instead of imposing sentence, the court ordered the record certified to the *upper branch of the same court;* said upper branch was presided over by the same judge as the lower branch, and on the same day an information was filed in the upper branch charging the defendant with the identical acts charged in the complaint in the lower branch. The defendant entered a plea of guilty to this information and evidence taken established the fact of his unlawful possession of the skins, and also the fact that defendant had previously been convicted of forgery. The court sentenced the defendant: "* * * in the state's prison at Waupun for the term of 18 months, and first 5 days in solitary confinement." On review by writ of error, the Supreme Court of Wisconsin reversed the judgment and ordered the defendant discharged. The court said:

"By his plea of guilty to the complaint the person so charged stands as to the facts and the offense charged the same as though a verdict of guilty had been rendered by a jury. Ex parte Brown, 68 Cal. 176, 8 Pac. 829. At such a stage he has passed the point at which jeopardy first attaches. State v. B........, 173 Wis. 608, 617, 182 N.W. 474. Having thus been once in jeopardy, the attempted proceedings in the upper branch whereby what would in effect be a new sentence and a much greater penalty attempted to be given for the same offense and facts, violated his rights secured by article 1, §8, Const., 'and no person for the same offense shall be put twice in jeopardy of punishment.' State v. Blevins, 134 Ala. 213, 32 South. 637, 92 Am. St. Rep. 22; 16 C. J. 236; Boswell v. State, 111 Ind. 47, 11 N.E. 788.
* * *

"That the mistake that occurred in these proceedings was one of law and as to the powers and duties of the magistrate, and that the result thereof will result in the person charged going without sentence or punishment whatsoever, does not alter his rights or change his position. * * *."

■ We hold that petitioners have been in jeopardy and it appears from the record before us without contradiction, that respondent is about to place them in jeopardy a second time for the same offense. In such a case prohibition is a proper proceeding to protect petitioners in their constitutional right against being twice put in jeopardy for the same offense.

In *Bustamante v. District Court,* 138 Colo. 97, 329 P. (2d) 1013, decided September 22, 1958, we held that an original proceeding in prohibition was proper to prevent a trial judge from proceeding with a prosecution on an indictment which showed on its face that the indictment had not been returned within the time fixed by statute. There we held that the court could not proceed contrary to the inhibitions contained in the statute of limitations. A fortiori, in this case the respondent may not proceed contrary to the inhibitions of the Constitution of the State of Colorado. Our decision in the *Bustamante* case, supported by authorities therein cited, is conclusive of this question.

Respondents refer to the case of *Herman v. People,* 124 Colo. 46, 233 P. (2d) 873, as authority for the contention that petitioners have not been in jeopardy. In that case it was said that a prosecution on an *invalid information* did not constitute jeopardy and did not preclude prosecution on a *valid information.* In that case we said:

"* * * The plea of former jeopardy is available only when a valid indictment or information has been found and presented; and a jury has been impaneled and sworn to try the case and has returned a verdict. The lack of any fundamental requisite that would make a verdict and sentence valid, carries with it in effect a plea of former jeopardy. To restate, the plea of former jeopardy must be based on a former valid proceeding."

There is nothing in the record to indicate that anyone contended or now contends that any of the proceedings in Action No. 44032 were invalid in any respect; con-

sequently, *Herman v. People,* supra, does not lend support. to respondents' contention.

The rule to show cause is made absolute.