### No. 25942

Deborah Dewey Evans, William F. Gross, Earl C. Bolton, and G. N. Brasel, a/k/a Gerald N. Brasel v. District Court in and for the County of Boulder, State of Colorado, and The Honorable John B. Barnard, a Judge thereof, and his successor, The Honorable William D. Neighbors

(511 P.2d 471)

Decided June 18, 1973.          Rehearing denied July 2, 1973.

Woolf and Chrisman, Marvin B. Woolf, for petitioners.

Akolt, Dick, Rovira, DeMuth & Eiberger, Lael S. DeMuth, J. Walter Hyer, III, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Petitioners herein commenced this action in the district court for Boulder County requesting that the Town of Eldora be declared abandoned under the provisions of C.R.S. 1963,

139-19-1 *et seq.* Certain residents or property owners contested the matter, contending that the Town should not be declared abandoned and counterclaimed asking for an election of Town officers since all the municipal officers who could call for or conduct an election were dead.

Upon hearing on motion for summary judgment, the trial court found no genuine dispute as to the material questions of fact. Specifically, the court found that for far in excess of twenty years there had been no municipal government in Eldora. The court found that there were no outstanding unsatisfied bonds or other municipal indebtedness existent. The trial court concluded that abandonment as set forth in the statute had been shown. The court then refused to enter the decree required by the statute and ordered an election to be held by the townspeople within thirty days on the question: "Whether or not the Town of Eldora should be declared to have been abandoned."

The order additionally required the election to be under supervision of the court which would require appointment of some person "who must be compensated." A requirement that $5,000 be deposited with the court by the objectors to defray the election costs and supervision was also incorporated into the order.

From this expanded action of the court, petitioners bring this original proceeding seeking a writ of prohibition, alleging the court was without jurisdiction to compel by judicial decree an election on the question of abandonment. We issued a rule to show cause and now make the rule absolute.

The applicable statute is quite explicit as to the showing required to be made and the court decree which is to follow. Since this is a statutory proceeding, if the trial court finds — as it did — that there has been no town government for at least twenty years and that there is no outstanding indebtedness, the court has no discretion but to order the town abandoned. The trial court is limited to the relief afforded by statute. Statutory proceedings to incorporate a town are provided for in 1965 Perm. Supp., C.R.S. 1963, 139-1-2(1). No election is provided whereby the electorate

by vote can determine whether the town and its government has ceased to exist.

The court is, therefore, limited to the relief afforded by the statute; it cannot expand the statute to grant relief provided by another statute. When a trial court exceeds its jurisdiction in a statutory proceeding, a writ of prohibition is the appropriate remedy. *City of Westminster v. District Court,* 167 Colo. 263, 447 P.2d 537.

The rule is made absolute and the court is directed to enter a decree of abandonment pursuant to the statute.

MR. CHIEF-JUSTICE PRINGLE and MR. JUSTICE ERICKSON do not participate.