No. 26048

## The People of the State of Colorado v.
## Joseph Theron Cooke
(525 P.2d 426)

Decided August 6, 1974.

Alexander M. Hunter, District Attorney, Mike Bynum, Deputy, for plaintiff-appellant.

Miller and Gray, P.C., Robert Bruce Miller, for defendant-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant was charged with possession of narcotics for sale. 1971 Perm. Supp., C.R.S. 1963, 48-5-20. At the close of all the evidence, the People requested an instruction on the lesser included offense of possession of a narcotic drug, a felony. 1971 Perm. Supp., C.R.S. 1963, 48-5-2, 48-5-20. Counsel for the defendant objected to the giving of

the tendered instruction. The trial court ruled that the prosecution could obtain an instruction only on the offense actually charged and refused to give a lesser included offense instruction. The district attorney brings this appeal alleging error in the trial court's failure to give the tendered instruction.

The sole issue presented upon appeal is whether an instruction on a lesser included offense may properly be given at the request of the prosecution when the defendant objects. Generally, it is the defendant who attempts to obtain the benefit of such an instruction. For that reason, the present case is something of an anomaly.

The prosecution asserts as grounds for reversal that the defendant had sufficient notice to defend against the lesser charge of possession, and that an objection by the defense should not be grounds for denying such an instruction when requested by the prosecution.

■ 1971 Perm. Supp., C.R.S. 1963, 40-1-508(5) and Crim. P. 31(c) provide that a defendant may be found guilty of an offense included within the offense charged. These provisions are embodiments of the rule at common law that the defendant was presumed to be on notice that he could be convicted of the crime charged or a lesser offense included therein. If this presumption of notice can be said to satisfy the Sixth Amendment guarantees of notice, the prosecution's right to an instruction on an offense necessarily included within the offense charged must be upheld. *U.S. Const.* amend. VI.

■ The right of an accused to notice of the charges which have been made against him constitutes a fundamental constitutional guarantee and lies at the foundation of due process of law. *U.S. Const.* amend. VI; *Colo. Const.* Art. II, Sec. 16. The notice given must be sufficient to advise the accused of the charges, to give him a fair and adequate opportunity to prepare his defense, and to ensure that he is not taken by surprise because of evidence offered at the time of trial. *In re Oliver,* 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948); *Cole v. Arkansas,* 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948).

 Applying this test, we hold that the information charging possession with intent to sell was sufficient to advise the defendant that he must be prepared to controvert evidence of possession and to defend on that charge. Because possession is an essential element of possession with intent to sell, the defendant can scarcely claim surprise by the introduction of evidence establishing possession.

It is true that the prosecution's use of the lesser included offense doctrine places some burden upon the defendant to determine the specific charges which have been made against him. This fact, in itself, however, is not enough to make the constructive notice which is embodied in the greater charge unconstitutional. The effectiveness of many constitutional rights of an accused depends upon the self-initiative of the accused.

We reject the contention that the complexity of modern criminal codes and the multitude of offenses contained therein operate in every instance to make the lesser included offense doctrine an ineffective vehicle for providing the notice which the common law imputed to a defendant by way of a presumption. Whatever merit this argument may have with our criminal code, the question is not reached here. The defendant was charged with possession with intent to sell, which causes the crime of simple possession to stand out as the first element of the more aggravated offense.

 The defendant's reliance upon 1971 Perm. Supp., C.R.S. 1963, 40-1-508(2) and (3) is also misplaced. Section (2) provides that if several offenses, which are based on the same act or series of acts, are known to the district attorney at the time the prosecution is commenced, he must prosecute all such offenses by separate counts and in a single prosecution. The evil which the statute was designed to cure was harassment of the defendant by means of multiple prosecutions for the same act. *American Bar Association Standards for Criminal Justice Relating to Joinder and Severance* § 1.3. The second thrust of the statute is duplicitous charges. Thus, the statute does not provide that all offenses upon which the prosecution desires to proceed must be alleged, but rather that all offenses which the district

attorney *does* allege must be alleged in separate counts. The concern of the legislature in enacting the statute was not an insufficient number of charges, but rather duplicitous charges which charge in the *same count* two or more separate offenses. It thus does not control our determination here.

Mindful of the primacy of notice within the constitutional guarantee of due process of law and of the duty of the courts to safeguard this right, we hold only that, where, as here, the lesser included offense upon which the prosecution requested an instruction is (1) easily ascertainable from the charging instrument, and (2) not so remote in degree from the offense charged that the prosecution's request appears to be an attempt to salvage a conviction from a case which has proven to be weak, the prosecution may obtain a lesser included offense instruction over the defendant's objection.

Accordingly, we disapprove the ruling of the trial court.

MR. JUSTICE GROVES does not participate.