## No. 26606

**People ex rel. Alfred David Coca v. District Court of the Seventh Judicial District, and The Honorable Fred C. Calhoun**

(530 P.2d 958)

Decided January 13, 1975.

Klingsmith, Russell, Angelo & Wright, Wyatt B. Angelo, Robert E. Wright, Jr., for petitioners.

William J. Knous, District Attorney, F. Lynn French, Deputy, for respondents.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This original proceeding was brought to obtain a writ of prohibition to compel the trial judge to dismiss a theft charge on the ground that the petitioner was denied a speedy trial. We issued a rule to show cause and now discharge the rule with directions to the trial court.

■ When the petitioner's motion to dismiss was heard, the trial judge concluded that the motion should be granted under the law relating to a speedy trial, but then held that the people of Gunnison County were entitled to have the petitioner tried in spite of the law. If the constitution, the statutes, the rules, or the case law require dismissal, it is the duty of the trial court to order that the case be dismissed. *Evans v. District Court,* 182 Colo. 93, 511 P.2d 471 (1973); *City of Westminster v. District Court,* 167 Colo. 263, 447 P.2d 537 (1968); *Bustamante v. District Court,* 138 Colo. 97, 329 P.2d 1013 (1958).

■ The right to a speedy trial is one of the most cherished of our constitutional rights and may not be ignored by a trial judge. The right guaranteed by both the United States and Colorado Constitutions has been formulated to force the prosecution to try a defendant promptly in compliance with the statutes, rules, and constitutional requirements of each case. *U.S. Const.* amend. VI; *Colo. Const.* Art. II, Sec. 16; Crim. P. 48; Section 18-1-405, C.R.S. 1973; *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The *ABA Standards for Criminal Justice Relating to Speedy Trial* set forth that the Colorado practice of requiring mandatory dismissal of a criminal case is the only means of protecting the right. *ABA Standards Relating to Speedy Trial* § 4.1.

Accordingly, if the petitioner in this case was denied a speedy trial, the trial judge would have had to dismiss the case. However, the record reflects that the delay which occurred did not

constitute a violation of the petitioner's right to a speedy trial, but may have resulted in a deprivation of rights by reason of the sheriff's failure to make a timely arrest. In short, the trial judge confused the right to a speedy trial with the petitioner's right to have a criminal case promptly processed by the filing of charges. *See United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

■ A review of the facts places this case in proper perspective. A complaint was filed on September 18, 1973, charging the petitioner with theft, and an arrest warrant was issued. At the time the complaint was filed, the sheriff knew that the petitioner was in jail in Pueblo, Colorado, on an unrelated charge. The sheriff elected not to execute the arrest warrant until March 25, 1974. At the time the arrest warrant was issued, the petitioner was in the Pueblo County jail. Within three days after his arrest, Coca was taken before a county judge and advised of his constitutional rights. Thereafter, counsel was appointed for the petitioner, and defense counsel made a timely motion for a preliminary hearing. The date agreed upon for the preliminary hearing was May 7, 1974. Following the preliminary hearing, the petitioner was bound over to the district court for further proceedings. An information was filed in the district court on May 20, 1974. On May 31, 1974, the petitioner was arraigned and plead not guilty. Six weeks later, after plea negotiations were abandoned, Coca filed a motion to dismiss alleging that he had been denied a speedy trial. In considering the motion, both defense counsel and the trial judge centered their attention on the law relating to a speedy trial. Crim. P. 48(b)(1) provides:

"If, after the filing of a complaint, there is unnecessary delay in finding an indictment or filing an information against a defendant who had been held to answer in a district court, the court may dismiss the prosecution. Except as otherwise provided in this Rule, if a defendant is not brought to trial on the issues raised by the complaint, information, or indictment within six months from the entry of a plea of not guilty, he shall be discharged from custody if he has not been admitted to bail, the pending charges shall be dismissed . . . and the defendant shall not again be indicted, informed against, or committed for the same offense, or

for another offense based upon the same act or series of acts arising out of the same criminal episode.''

Reliance on Crim. P. 48(b)(1) is not warranted. The rule supports a motion to dismiss only when the delay occurs after charges are made or an arrest has been effected and is not directed to delay which transpires prior to arrest. Crim. P. 48 is tied to the historical right and the inherent power of the court to dismiss a case for want of prosecution and is separate and independent of the constitutional right to a speedy trial. 3 *C.A. Wright, Federal Practice and Procedure* § 814; *Mann v. United States,* 304 F.2d 394 (D.C. Cir. 1962).

In the instant case, the delay which transpired occurred prior to the time that the defendant was brought before the bar of justice to answer criminal charges. The problem before us is closely akin to that which was addressed in *United States v. Marion, supra.* In the *Marion* case, the issue was whether an accused had the right to a speedy indictment. In resolving the issue, the Supreme Court of the United States held that there was no constitutional right to a speedy indictment and that the accused had to establish prejudice if he was to prevail in his argument.

■ A closely related issue is created by the petitioner's claims in this case. When the petitioner was arrested, six months had passed since the complaint was filed and the arrest warrant was issued. His whereabouts was known by the sheriff, and no excuse for the delay is apparent from the record, other than the fact that the defendant was confined in Pueblo on another charge. No limitation exists in Colorado as to the time within which an arrest warrant must be executed, although the issue has been dealt with specifically in the case of search warrants. *Compare* Crim. P. 41(d)(5)(V), which requires that a search warrant must be executed no later than ten days after it is issued, *with* Crim. P. 4 on arrest warrants, which contains no time limitation. No constitutional requirements exist which would require that an arrest warrant be executed at the earliest opportunity. *See United States v. Joines,* 258 F.2d 471 (3d Cir. 1958).

■ Due process and fundamental fairness are the considerations for determining whether or not there has been prejudice to the defendant of a type and kind that would require dismissal. No

fixed rules exist, and each case must be resolved on the particular facts which are before the court. Certain key factors, among others, are whether defense witnesses have become unavailable by reason of the delay; whether the delay was purposeful and intended to prejudice the defendant; the kind of evidence and the quantum which is available to prove the prosecution's case; and whether justice dictates that the case be dismissed. *See Robinson v. United States*, 459 F.2d 847 (D.C. Cir. 1972); *Ross v. United States*, 349 F.2d 210 (D.C. Cir. 1965). *Compare Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

■ Therefore, it is necessary to remand this case to the trial judge with directions that an evidentiary hearing be held to determine whether the failure to make a speedy arrest in this case resulted in such prejudice to the defendant that dismissal is necessary in the interest of fundamental fairness. *See United States v. Parish*, 468 F.2d 1129 (D.C. Cir. 1972); *Godfrey v. United States*, 358 F.2d 850 (D.C. Cir. 1966).

Accordingly, our rule is discharged, and the case is remanded for an evidentiary hearing.

MR. JUSTICE GROVES does not participate.