## No. C-620

**The People of the State of Colorado v. Lloyd Dalton Pinyan**

(546 P.2d 488)

Decided March 1, 1976.

Robert R. Gallagher, Jr., District Attorney, Jerry B. Tompkins, Deputy, for petitioner.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Bruce G. Smith, Deputy, for respondent.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

We granted certiorari to review the decision of the district court which affirmed an order of dismissal of a criminal complaint by the county court on the ground that section 18-1-408(2), C.R.S. 1973,[1] barred the filing of municipal and state charges for criminal acts arising out of the same occurrence. We reverse.

The undisputed facts show that on December 2, 1973, the respondent was stopped by an Englewood, Colorado, police officer for making an illegal left-hand turn. This conduct violated a traffic ordinance, and respondent was issued a municipal court citation therefor. At the time the citation was issued, the officer discovered that the respondent was driving while his license was suspended or revoked. For this violation of a state statute, section 42-2-130, C.R.S. 1973,[2] the police officer issued a county court summons and complaint. The respondent appeared in county court on December 26, 1973, and entered a plea of not guilty to the state charge. On January 24, 1974, respondent mailed his fine for the municipal traffic ordinance violation to the municipal court.

On June 25, 1974, defendant filed a motion to dismiss the county court complaint on the state charge. On June 26, 1974, the county judge granted the motion based on his interpretation of section 18-1-408(2), C.R.S. 1973.

In the analysis of the issues raised, it will be advantageous to consider not only subsection (2), but also subsection 18-1-408(1), C.R.S. 1973. The subsections read:

"(1) When any conduct of a defendant establishes the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not be convicted of more than one offense if:

"(a) One offense is included in the other, as defined in subsection (5) of this section; or

"(b) One offense consists only of an attempt to commit the other; or

"(c) Inconsistent findings of fact are required to establish the commission of the offenses; or

---

[1] Previously C.R.S. 1963, 40-1-508(2).

[2] Previously C.R.S. 1963, 13-4-30.

"(d) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; or

"(e) The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods or instances of such conduct constitute separate offenses.

"(2) If the several offenses are known to the district attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode. Any offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution.

In granting the motion to dismiss, the judge stated:

"The Court, for the edification of the district attorney's office, interprets the language 'if the several offenses are known to the district attorney,' the Court interprets that to mean 'the prosecuting arm or agency of the State.' What that section really means is 'if the several offenses are known to the State, then they must be joined.'"

■ It is clear that insofar as the statute is concerned a defendant may be prosecuted for each offense that he allegedly commits, with certain well-defined limitations. *See People v. Cooke,* 186 Colo. 44, 525 P.2d 426 (1974). The limitations are primarily those embodied within the constitutional concepts of double jeopardy, *U.S. Const.* amend. V; *Colo. Const.* Art. II, Sec. 18, impermissible joinder and the doctrine of collateral estoppel. *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). These concepts were thoroughly discussed in *People v. Horvat,* 186 Colo. 202, 527 P.2d 47 (1974), and will not be repeated here, except to the extent necessary for a discussion of the proper interpretation of section 18-1-408(2), C.R.S. 1973.

■ Other statutory provisions which bear upon the problem here are found in the Uniform Traffic Code, sections 42-4-101, *et. seq.,* C.R.S. 1973. This article specifically authorizes local authorities to enact and enforce traffic regulations within the municipality and gives the municipal courts jurisdiction over violations of such traffic regulations. Section 42-4-108(1)(a), (b) and (2), C.R.S. 1973. This section recognizes the mandate of *Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), that no person convicted of or pleading guilty to a violation of a municipal traffic ordinance shall be charged or tried in a state court for the same or a similar offense, or vice-versa. Section 42-4-108(3), C.R.S 1973.

■ In the present case, the municipal charge against the defendant was an Englewood traffic code violation, namely, making an illegal left

turn. The state charge was a violation of a state statute, namely, driving a vehicle without a valid license. Section 42-2-101, C.R.S. 1973. Section 42-2-113, C.R.S. 1973, requires every licensee to have his driver's license in his immediate possession at all times when operating a motor vehicle and display the same upon demand "by any officer of the Colorado state patrol, the sheriff of any county, a police officer of any city of Colorado . . . ."

It is clear, therefore, that these are two separate and distinct offenses which violate the laws of two different jurisdictions — one, the municipality, the other, the state. Each offense must be prosecuted in the jurisdiction where the respective criminal acts occurred. Neither offense could be tried in the court of the other jurisdiction. *Davis v. Denver*, 140 Colo. 30, 342 P.2d 674 (1959).

These two violations, even if "known to the district attorney at the time of commencing the prosecution," are not within the class of offenses which must or can be prosecuted by separate counts in a single prosecution. *Martinez v. People*, 174 Colo. 365, 484 P.2d 792 (1971).

The judgment is reversed and returned to the district court with directions to remand to the county court for trial on the pending charges.

MR. JUSTICE LEE does not participate.