563 P.2d 956 (1976)
Joseph R. RUTH, Plaintiff-Appellant,
v.
The COUNTY COURT IN AND FOR the COUNTY OF EL PASO, and Judge James Quine, Defendants-Appellees.
No. 76-172.
Colorado Court of Appeals, Div. I.
December 16, 1976.
Rehearing Denied January 6, 1977.
Certiorari Granted May 9, 1977.
*957 MacLaughlin, Ciccolella & Barton, John B. Ciccolella, Colorado Springs, for plaintiff-appellant.
Robert L. Russell, Dist. Atty., James M. Franklin, Deputy Dist. Atty., Colorado Springs, for defendants-appellees.
COYTE, Judge.
Plaintiff appeals a district court order dismissing his complaint wherein he requested relief in the nature of a writ of prohibition. We reverse.
Plaintiff was charged in El Paso County Court on two different occasions with offenses arising under the Motor Vehicle Law. The first action, consisting of two counts, was filed on January 20, 1975. The charges alleged that plaintiff had improperly backed his vehicle and struck another vehicle, and that he left the scene of the accident without attempting to notify the owner of the second vehicle or making a report of the incident. See §§ 42-4-112 and XX-X-XXXX, C.R.S.1973. Plaintiff entered a plea of not guilty to these charges and the matter was set for trial.
*958 On February 7, 1975, plaintiff was charged in the same county court in a separate proceeding with the offense of having operated a vehicle without a valid operator's license in violation of § 42-2-101, C.R.S.1973. The date, time, and location specified in the charge were the same as those described in the first complaint. Plaintiff pled guilty to this latter offense and sentence was imposed.
Plaintiff thereafter moved in the county court for dismissal of the charges scheduled for trial, which motion was denied. He subsequently commenced the present litigation seeking to prohibit the county court from proceeding further against him.

I.
The initial question presented by this appeal is whether relief in the nature of prohibition, see C.R.C.P. 106(a)(4), is an appropriate remedy under the circumstances. We conclude that it is.
The basis upon which plaintiff asserts his claim for relief is the compulsory joinder statute, § 18-1-408(2), C.R.S.1973, which provides that if several offenses are known to a district attorney at the commencement of prosecution, all such offenses must be prosecuted as a single prosecution when "based on the same act or series of acts arising from the same criminal episode." Offenses not so joined cannot be the subject of a later prosecution.
Defendants concede that prohibition may properly issue in a criminal proceeding, Bustamante v. District Court, 138 Colo. 97, 329 P.2d 1013 (1958), but maintain that the trial court here possessed the requisite subject matter jurisdiction, and that accordingly, plaintiff's remedy is limited to an appeal of the judgment entered in that criminal case. See People v. District Court, Colo., 541 P.2d 683 (1975). We conclude that the defect in this proceeding is one which deprives the county court of jurisdiction.
In Bustamante v. District Court, supra, our Supreme Court held that statutes of limitations in criminal cases operate as a bar to prosecution and are jurisdictional in nature. Therefore, the Supreme Court pointed out, a trial of a charge barred by a statute of limitation would be a "useless act" and an unnecessary expense to the public.
Similar considerations underlie the construction of a joinder statue. In providing that offenses not properly joined cannot be a basis for subsequent prosecution, the legislature has explicitly surrendered the right to prosecute, as occurs with respect to statutes of limitation. Bustamante v. District Court, supra; see generally 21 Am.Jur.2d Criminal Law § 154. The circumstances here are thus distinguishable from those cases in which the remedy of prohibition is denied when the adjudicative tribunal acts within its jurisdiction. See, e. g., Leonhart v. District Court, 138 Colo. 1, 329 P.2d 781 (1958); Colorado State Board of Medical Examiners v. District Court, 138 Colo. 227, 331 P.2d 502 (1958). Consequently, if the offenses sought to be tried are within the circumscription of § 18-1-408(2), C.R.S.1973, then trial court jurisdiction is lacking and a writ of prohibition may properly issue.

II.
Asserting that plaintiff entered a guilty plea to the licensing offense in order to avoid subsequent prosecution, that the district attorney had no knowledge of the guilty plea, that the prosecution pending here is not "subsequent," and that different evidence will be required to prove the allegations in the two complaints, defendants contend that § 18-1-408(2), C.R.S.1973, does not bar prosecution of plaintiff for the offenses charged under §§ 42-4-112 and XX-X-XXXX, C.R.S.1973. These arguments are unpersuasive.
Defendants admit that plaintiff did not act in a fraudulent manner in entering the plea of guilty, but argue however, that the conviction was the result of collusion or connivance, which conduct should estop plaintiff from asserting the matter of joinder. However, the authority relied upon by defendants in support of this proposition, i. e., Hampton v. Municipal Court, 242 Cal.App.2d 689, 51 Cal.Rptr. 760 (Dist.Ct.App.1966), *959 relates to the defense of double jeopardy raised by one who procured a prior conviction by fraud for the purpose of avoiding a greater punishment. See Annot., 75 A.L.R.2d 683. In contrast, a guilty plea entered in good faith has the same effect as a verdict rendered by a jury. Markiewicz v. Black, 138 Colo. 128, 330 P.2d 539 (1958). Thus, under the circumstances present here, plaintiff has been subjected to prosecution within the purview of § 18-1-408(2), C.R.S.1973, and any further proceedings would constitute a "subsequent" prosecution impermissible under the statute.
The purpose of joinder statutes is to provide safeguards against harassment of defendants and unfair prosecutorial advantage. People v. Cooks, 186 Colo. 44, 525 P.2d 426 (1974); and see Kellett v. Superior Court, 63 Cal.2d 822, 48 Cal.Rptr. 366, 409 P.2d 206 (1966). Additional concerns of public policy, such as the avoidance of costly and repetitive trials as well as notions of constitutional due process, see Ciucci v. Illinois, 356 U.S. 571, 78 S.Ct. 839, 2 L.Ed.2d 983 (1958), require that these enactments be construed to as to effectuate their discernible objectives. Here, the district attorney maintained a file consisting of information forwarded by the court, and when a prosecutor reasonably should be aware of separate charges against a defendant arising from the same criminal episode, the failure to prosecute all charges in a single action forecloses any further proceedings. See Weaver v. Schaaf, 520 S.W.2d 58 (Mo.1957).
As to defendants' assertion that the offenses with which plaintiff was charged did not possess the requisite commonality so as to fall within the scope of § 18-1-108(2), C.R.S.1973, we conclude that, under the pertinent authority in this jurisdiction, the test of identity of issues has been satisfied.
The charges alleged in this case were all based on the violation of state statutes, arise from a single episode, and were to be prosecuted in the county court. The offenses, therefore, are not separate and distinct by reason of the applicability of both municipal and state law. See People v. Pinyan, Colo., 546 P.2d 488 (1976). Thus the compulsory joinder statute requires that plaintiff be granted the requested relief.
The order denying prohibition is reversed and the cause remanded with directions to enter an order granting the writ in the nature of prohibition.
ENOCH and STERNBERG, JJ., concur.