## No. C-1190

### The County Court in and for the County of El Paso and Judge James Quine v. Joseph R. Ruth

(575 P.2d 1)

Decided December 12, 1977.                    Rehearing denied January 9, 1978.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, David K. Rees, Assistant, for petitioners.

MacLaughlin, Ciccolella & Barton, John B. Ciccolella, for respondent.

354

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

We granted certiorari to review the court of appeals' decision in *Ruth v. County Court*, 38 Colo. App. 459, 563 P.2d 956 (1976). We reverse and remand with directions.

The respondent was charged in two criminal actions with violations of the Colorado motor vehicle laws. The first charge was filed on January 20, 1975, and the second charge, based upon the same occurrence, was made on February 7, 1975. On January 20, 1975, he was charged with improperly backing his vehicle into another vehicle[1] and with leaving the scene of an accident without attempting to notify the owner of the second vehicle or making a report of the accident.[2] The respondent pled not guilty to these charges, and trial was set. Thereafter, on February 7, 1975, the respondent was also charged in the same court with having operated a vehicle without a valid operator's license.[3] It is undisputed that all of the alleged violations of the motor vehicle laws arose out of the same occurrence. The respondent pled guilty to the charge filed on February 7, 1975, and sentence was imposed in the county court.

The respondent then moved to dismiss the criminal action filed on January 20, 1975, contending that his guilty plea and sentence to the later charge barred further prosecution because of the criminal joinder statute. Section 18-1-408(2), C.R.S. 1973;[4] Crim. P. 8(a). The county court denied the respondent's motion. The respondent then filed a complaint in the district court, pursuant to C.R.C.P. 106(a)(4), seeking relief in the nature of prohibition and asserting that the county court would act in excess of its jurisdiction if it permitted further prosecution for offenses arising out of the same incident. The district court refused to issue the writ. The court of

---

[1]Section 42-4-112, C.R.S. 1973.
[2]Section 42-4-1404, C.R.S. 1973.
[3]Section 42-2-101, C.R.S. 1973.
[4]Section 18-1-408(2) provides:
"(2) If the several offenses are known to the district attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode. Any offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution."
The purpose of the joinder statute is to "prevent vexatious prosecutions and harassment of a defendant by a district attorney who initiates successive prosecutions for crimes which stem from the same criminal episode." *People v. Talarico*, 192 Colo. 445, 560 P.2d 90 (1977); *see also People v. Cooke*, 186 Colo. 44, 525 P.2d 426 (1974). "Subsequent prosecution" is permissible when the statute by its terms does not apply. *See People v. Tulipane*, 192 Colo. 476, 560 P.2d 94 (1977); *People v. Pinyan*, 190 Colo. 304, 546 P.2d 488 (1976).

appeals reversed and ordered that a writ of prohibition issue.

Three questions require discussion: (1) Does the court of appeals have appellate jurisdiction when a district court denies a writ of prohibition? (2) If so, did the court of appeals properly exercise its jurisdiction? (3) Is denial of a motion to dismiss based upon the criminal joinder statute an appealable order subject to immediate review?

## I.

The original proceeding, filed pursuant to C.R.C.P. 106, was commenced in the district court by the respondent. It was not an appeal of the county court's denial of the respondent's motion to dismiss, but was an original proceeding framed in such a form as to test the county court's jurisdiction. The district court decision was, therefore, a final judgment, subject to appellate review in the court of appeals. Section 13-4-102(1), C.R.S. 1973. It follows that further review was therefore possible in the supreme court by writ of certiorari. Section 13-4-108, C.R.S. 1973.

## II.

The court of appeals' jurisdiction on appeal is limited to issues which had been before the district court in the proper procedural posture. The procedure under Rule 106 is clear and unambiguous. In cases of this nature, "[u]pon the filing of the complaint the court shall direct the issuance of a citation to the inferior tribunal to show cause why the relief requested shall not be allowed." C.R.C.P. 106(a)(4). The district court failed to issue the required citation to show cause to the county court in this case. The court of appeals, therefore, exceeded its jurisdiction by reaching the joinder issue and ordering that a writ of prohibition issue.

## III.

Notwithstanding our ruling, a review of the propriety of a Rule 106 action in cases such as this is advisable. C.R.C.P. 106(a)(4) provides a procedure to challenge the trial court's jurisdiction when there is "no plain, speedy and adequate remedy." The respondent's initiation of this Rule 106 proceeding is consistent with the practice permitted in earlier decisions which held that a writ of prohibition is a proper method of challenging the jurisdiction of a trial court. *Evans v. District Court*, 182 Colo. 93, 511 P.2d 471 (1973); *Markiewicz v. Black*, 138 Colo. 128, 330 P.2d 539 (1958); *Bustamante v. District Court*, 138 Colo. 97, 329 P.2d 1013 (1958).

In *Bustamante v. District Court, supra*, we held that a writ of prohibition was proper to prevent the prosecution of an indictment which had not been returned within the statutory time limitations. Similarly, in *Markiewicz v. Black, supra*, we held that a writ of prohibition was proper to protect the petitioner's constitutional right against twice being put in jeopardy for the same offense. Both decisions recognized that a trial court cannot proceed in a matter contrary to constitutional and statutory jurisdictional limits.

Implicit in these earlier decisions was the assumption that there was "no plain, speedy and adequate remedy" to protect the complainant's rights. Extraordinary procedures under Rule 106 were, therefore, held to have been properly invoked.

Recent decisions, however, have cast doubt upon that implicit assumption. The United States Supreme Court held that a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds is a final decision and is immediately reviewable. *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). *Abney* reflected the adoption of the procedure allowed by a number of circuits. *See United States v. DiSilvio*, 520 F.2d 247 (3d Cir. 1975), *cert. denied*, 423 U.S. 1015, 96 S.Ct. 447, 46 L.Ed.2d 386 (1975); *United States v. Beckerman*, 516 F.2d 905 (2d Cir. 1975); *see also Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

In *Abney*, the Supreme Court declared:

"Although it is true that a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds lacks the finality traditionally considered indispensable to appellate review, we conclude that such orders fall within the 'small class of cases' that *Cohen* has placed beyond the confines of the final judgment rule. In the first place there can be no doubt that such orders constitute a complete, formal and, in the trial court, a final rejection of a criminal defendant's double jeopardy claim. There are simply no further steps that can be taken in the District Court to avoid the trial the defendant maintains is barred by the Fifth Amendment's guarantee. Hence, *Cohen's* threshold requirement of a fully consummated decision is satisfied.

"Moreover, the very nature of a double jeopardy claim is such that it is collateral to, and separable from, the principal issue at the accused's impending criminal trial, *i.e.*, whether or not the accused is guilty of the offense charged. In arguing that the Double Jeopardy Clause of the Fifth Amendment bars his prosecution, the defendant makes no challenge whatsoever to the merits of the charge against him. . . . Rather, he is contesting the very authority of the Government to hale him into court to face trial on the charge against him. . . .

"Finally, the rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence. To be sure, the Double Jeopardy Clause protects an individual against being twice convicted for the same crime, and that aspect of the right can be fully vindicated on an appeal following final judgment, as the Government suggests. However, this Court has long recognized that the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to *trial* for the same offense."

■ These same considerations operate to make the denial of a motion to dismiss for failure to comply with the criminal joinder statute an appealable decision. First, the denial is a fully consummated decision at the trial level. Second, the criminal joinder claim is collateral to the issue of guilt. And finally, the rights conferred by the criminal joinder statute would be significantly undermined if appellate review were postponed until after conviction because that statute was intended to protect the accused against being put on trial where the required joinder was not effected.

Accordingly, the judgment of the court of appeals is reversed, and the cause is returned to the court of appeals with directions to remand to the district court with instructions to issue a citation to show cause to the county court why a writ of prohibition should not issue.

MR. JUSTICE KELLEY specially concurring.

MR. JUSTICE KELLEY specially concurring:

I agree with the majority in its holding on the procedural aspects of this case. However, I would adopt the rule prospectively and proceed to dispose of the case on the merits. The initial motion by the defendant was for summary judgment in which he alleged that there was no issue of fact. The underlying issue, whether section 18-1-408(2), C.R.S. 1973, is applicable to the situation in which the defendant finds himself, has been briefed and argued by the litigants at each stage of the proceedings. I think we should foreclose the need for further litigation in either the trial or appellate courts.