**Joseph R. Ruth v. The County Court in and for the County of El Paso, Colorado, and Judge James Quine**

(595 P.2d 237)

Decided May 29, 1979.

John B. Ciccolella, for plaintiff-appellee.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, David K. Rees, Assistant Attorney General, for defendants-appellants.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This is the second occasion that we have been called upon to address issues arising out of statutory motor vehicle violations by Joseph R. Ruth. In *County Court v. Ruth,* 194 Colo. 352, 575 P.2d 1 (1978), we granted certiorari to review the decision of the court of appeals in *Ruth v. County Court,* 38 Colo. App. 459, 563 P.2d 956 (1976). Our opinion remanded certain issues to the district court with instructions to issue a citation to show cause and to hold a hearing. A citation to show cause was issued, a hearing was held, and the prosecution was prohibited from proceeding with the further prosecution of Joseph R. Ruth for the traffic violations in question. Issues are now presented to us for consideration that were not ripe for review when the case was last before us. We affirm.

The prosecution concedes that all of the Colorado motor vehicle violations stem from the same criminal episode. Ruth was first charged with improperly backing his vehicle into another vehicle and with leaving the scene of an accident without attempting to notify the owner of the second vehicle or making a report of the accident. Section 42-4-1404, C.R.S. 1973.

More than two weeks after the first two charges were filed, a third charge was filed against Ruth for operating a vehicle without a valid operator's license. Section 42-2-101, C.R.S. 1973. All of the charges arose out of the same incident or episode. When the third charge was filed, Ruth pled guilty to the third charge, and sentence was imposed. When the county court denied Ruth's motion to dismiss the first charges, the

question of whether a writ of prohibition should have issued reached our court. The disposition of the rule to show cause that was issued by the district court, in accordance with our directions, is now before us for resolution.

The prosecution contends that the criminal joinder statute, section 18-1-408(2), C.R.S. 1973 (1978 Repl. Vol. 8), and Crim. P. 8(a) do not foreclose the prosecution of the earlier charges. Such is not the case.

■ The pertinent provision of the criminal joinder statute, section 18-1-408, C.R.S. 1973 (1978 Repl. Vol. 8), provides:

"(2) If the several offenses are known to the district attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode. Any offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution."

The court of appeals properly held that the quoted statute bars the prosecution of the respondent for the two pending charges. *Ruth v. County Court, supra.* We agree.

■ The purpose of the joinder statute is to "prevent vexatious prosecutions and harassment of a defendant by a district attorney who initiates successive prosecutions for crimes which stem from the same criminal episode." *People v. Talarico,* 192 Colo. 445, 560 P.2d 90 (1977); *see also People v. Cooke,* 186 Colo. 44, 525 P.2d 426 (1974); *ABA Traffic Court Standards* § 3.1.

The charges in this case arose from the same criminal episode, were based upon the violation of state statutes, and were to be tried in the same court. Nonetheless, the prosecution contends that trial of Ruth on the first two charges will not constitute "subsequent prosecution" under the criminal joinder statute. We disagree.

■ The criminal joinder statute and the rules of this court require that the various charges against an accused be prosecuted in a "single prosecution." Section 18-1-408(2), C.R.S. 1973 (1978 Repl. Vol. 8); Crim. P. 8(a). A "single prosecution" is a proceeding "from the commencement of the criminal action until further prosecution is barred." *People v. District Court,* 183 Colo. 101, 515 P.2d 101 (1973). Logically, a "subsequent prosecution" is a second, additional prosecution after the conclusion of a "single prosecution." Since the respondent pled guilty to and was sentenced for the offense of driving without a valid operator's license, prosecution of the remaining charges would result in a "subsequent prosecution" in violation of the statute.[1]

---

[1] "Subsequent prosecution" is permissible when the statute by its terms does not apply. *See People v. Tulipane,* 192 Colo. 476, 560 P.2d 94 (1977); *People v. Pinyan,* 190 Colo. 304, 546 P.2d 488 (1976).

Nothing in the record in this case indicates that new and additional evidence or circumstances which would parallel *People v. District Court,* 183 Colo. 101, 515 P.2d 101 (1973), or the second filing which we approved in *People v. Mendoza,* 190 Colo. 519, 549 P.2d 766 (1976). *Compare People v. Freeman,* 196 Colo. 238, 583 P.2d 921 (1978), were present in this case.

We affirm.

MR. JUSTICE PRINGLE does not participate.