**Kirk A. MILBURN, Plaintiff–Appellant,**

v.

**EL PASO COUNTY COURT, State of Colorado, Honorable Jerry C. Nelson, Presiding, Defendant–Appellee.**

**No. 92CA0990.**

Colorado Court of Appeals,
Div. II.

Aug. 26, 1993.

statute, § 18–1–408, C.R.S. (1986 Repl.Vol. 8B).

Subsequently, the plaintiff filed his motion in the county court to dismiss the careless driving charge, claiming that his prosecution was barred by the double jeopardy clauses of the United States and Colorado constitutions. The county court denied the motion, ruling that each of the statutory provisions required proof of an additional fact which the others did not.

The plaintiff then filed his complaint in the district court, seeking relief in the nature of prohibition, pursuant to C.R.C.P. 106(a)(4). He also submitted a proposed citation to show cause which the district court marked as "refused" and this appeal ensued.

The record of the district court proceedings contains no answer by the defendant nor any briefs of the parties. Also, it contains no judgment by the district court in favor of either party.

Law Offices of John B. Ciccolella, P.C., John B. Ciccolella, Colorado Springs, for plaintiff-appellant.

John Suthers, Dist. Atty., Stephen S. Anderson, Deputy Dist. Atty., Colorado Springs, for defendant-appellee.

Opinion by Judge REED.

In this C.R.C.P. 106(a)(4) action, plaintiff, Kirk A. Milburn, appeals the district court's order which refused to issue a citation to show cause directed to the defendant, El Paso County Court. We dismiss the appeal for lack of a final judgment and remand to the district court.

Plaintiff was charged in El Paso County Court with three traffic violations, all arising out of the same traffic incident. He pled guilty to two of the violations, but not guilty as to the third. This was done pursuant to a stipulation with the district attorney that his admissions of guilt could be used in the trial of the remaining careless driving count. He also agreed to waive any claim under the compulsory joinder

## I.

■ Initially, we note that defendant filed a motion to dismiss this case claiming that, under § 13–6–310, C.R.S. (1987 Repl. Vol. 6A), this court did not have jurisdiction. However, a division of this court determined that § 13–6–310 did not apply because this case had been commenced pursuant to C.R.C.P. 106. *County Court v. Ruth,* 194 Colo. 352, 575 P.2d 1 (1978). Hence, this ruling became the law of the case. *See Verzuh v. Rouse,* 660 P.2d 1301 (Colo.App.1982). Our dismissal of the appeal relates to other grounds.

## II.

■ On appeal, plaintiff contends that the continued prosecution for careless driving violates the double jeopardy clause of both the federal and state constitutions. Thus, he asks us to consider the merits of these contentions which he set forth in his district court complaint. We decline to do so because there is no final judgment of the district court.

In *County Court v. Ruth, supra,* our supreme court recognized the distinction between the appeal of a county court criminal conviction and a C.R.C.P. 106(a)(4) proceeding in the district court by which a motorist challenged the jurisdiction of the county court to proceed in such criminal case. It held that, in contrast to the appeal procedure, the court of appeals has jurisdiction to review a final order of the district court in the C.R.C.P. 106 proceeding. There, the district court had dismissed the motorist's C.R.C.P. 106(a)(4) complaint and refused to issue a citation to show cause directed to the county court.

However, the *Ruth* court also determined that the court of appeals' jurisdiction in such circumstances was "limited to issues which had been before the district court in the *proper procedural posture.*" (emphasis added) Hence, because the issuance of a citation was mandatory under C.R.C.P. 106(a)(4), *then in effect,* and had been refused by the district court, the court of appeals had no jurisdiction to consider the merits of the appeal but could only direct that the citation be issued.

In 1989, and after the *Ruth* decision, C.R.C.P. 106(a)(4) was amended. Under the current version of the rule, the district court no longer issues a citation to show cause. Rather, the issues are joined and determined upon the record by the filing of a complaint, an answer, and the briefs of the parties.

Here, all that appears from the record is that the district court "refused" to issue a citation. This order of the district court is entirely proper under the current version of the rule and does not imply any determination by that court of the merits of the cause. Significantly, there is nothing in the record before us, including the registry of actions, to establish any final judgment of the district court in favor of either party.

Thus, in contrast to *Ruth,* in which the complaint had been dismissed, there is here no final judgment of the district court upon which appellate review by this court may be premised. Section 13-4-102(1), C.R.S. (1987 Repl.Vol. 6A).

We note that the merits of *Ruth's* contentions were ultimately determined in *Ruth v. County Court,* 198 Colo. 6, 595 P.2d 237 (1979). By following the earlier *Ruth* decision concerning procedure, we do not mean to imply that the later *Ruth* decision is or is not dispositive.

The appeal is dismissed without prejudice and is remanded to the district court.

METZGER and COYTE *, JJ., concur.