The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Kevin PAUL, Defendant–Appellant.

No. 02CA0199.

Colorado Court of Appeals, Div. II.

Aug. 14, 2003.

Certiorari Granted Feb. 17, 2003.

Ken Salazar, Attorney General, Monica M. Marquez, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Thomas D. Silverman, P.C., Theodore G. Hess, Glenwood Springs, Colorado, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Kevin Paul, appeals the order denying his motion to dismiss the criminal charges against him. He asserts that the Double Jeopardy Clauses of the United States and Colorado Constitutions bar his retrial following the trial court's declaration of a mistrial. We disagree and therefore affirm.

The prosecution charged defendant with vehicular assault and driving under the influence. In violation of the discovery deadline imposed by the court, defense counsel did not produce an expert's report until shortly before trial. The prosecution filed a motion to strike, which the trial court initially denied.

During trial, the prosecution renewed its motion to strike when defense counsel called the expert to testify. The trial court then advised the parties that either they could ask for a continuance or request a mistrial. When the parties declined to exercise either option, the trial court declared a mistrial.

A second trial was scheduled to commence five months later. Defendant filed a motion to dismiss the charges, contending that prin-

ciples of double jeopardy precluded a second trial. The trial court denied the motion, and this appeal followed.

## I.

■ We first address our jurisdiction to determine the issues presented. Defendant contends that we have jurisdiction to hear this appeal because a pretrial order denying a motion to dismiss on double jeopardy grounds is a decision that is immediately appealable. The People assert that the trial court's determination is not a final judgment. We agree with defendant.

With exceptions not relevant here, an entire case or controversy generally must be resolved by a final judgment before an appeal can be pursued in this court. Section 13–4–102(1), C.R.S.2002; *Mission Viejo Co. v. Willows Water Dist.*, 818 P.2d 254 (Colo. 1991). Defendant argues, however, that under *County Court v. Ruth*, 194 Colo. 352, 575 P.2d 1 (1977), and *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), an exception exists for an order that rejects a double jeopardy claim. We agree.

In *Abney*, the Supreme Court held that a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds fell under the collateral order exception to the final judgment rule. Under that exception, a prejudgment order issued during lower court proceedings may be appealed as a final decision if the order " 'conclusively determine[s] the disputed question,' 'resolve[s] an important issue completely separate from the merits of the action,' and '[is] effectively unreviewable on appeal from a final judgment.' " *Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 431, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985)(quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)). The Court noted that the rights conferred on an accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence, because that clause protects an individual against being twice put to trial, not just against ·double punishment.

In *County Court v. Ruth, supra,* the supreme court ·quoted *Abney* with approval, stating that the considerations noted in *Abney* made the denial of a motion to dismiss for failure to comply with the criminal joinder statute an appealable decision.

The People assert that *Ruth* did not involve a pretrial order denying a motion to dismiss on double jeopardy grounds. While that observation is correct, because the *Ruth* court extensively relied upon *Abney*, which was a double jeopardy case, we hold that appellate review of an interlocutory order denying a defendant's motion to dismiss based on a violation of double jeopardy is available here.

Accordingly, we have jurisdiction to address defendant's claims.

## II.

Defendant asserts that a second trial on the same charges would violate his double jeopardy rights because he did not consent to the mistrial and there was no manifest necessity to terminate the trial. We disagree.

■ When a mistrial is declared without the consent and over the objection of the defendant, double jeopardy principles will bar a second trial unless the mistrial was justified by manifest necessity. *People v. Espinoza*, 666 P.2d 555 (Colo.1983).

■ Double jeopardy does not bar a second trial if the defendant consents to a mistrial. Consent may be either express or implied. If a defendant does not timely and explicitly object to a trial court's sua sponte declaration of mistrial, he or she will be held to ·have impliedly consented to the mistrial. *See United States v. Palmer*, 122 F.3d 215 (5th Cir.1997).

Under § 18–1–301(2)(a), C.R.S.2002, a trial is not improperly terminated when the defendant consents to the termination or waives the right to object to the termination, and he or she is deemed to have waived all objections unless an objection is made of record at the time a mistrial is declared.

■ Here, when the trial court considered the prosecution's request to strike the defense expert during trial, the· court offered

the option of mistrial or continuance. Defense counsel stated that he was not requesting either alternative. When the court declared a mistrial, defendant did not protest the declaration or otherwise express a desire to proceed. By failing to state an objection, defendant waived any objection and therefore implicitly consented to the mistrial. *See* § 18-1-301(2)(a).

Moreover, even if he did not implicitly consent to the mistrial, we conclude that there was a manifest necessity for the mistrial declaration.

The constitutional standard for determining whether the Double Jeopardy Clause prohibits a retrial of an accused following the declaration of a mistrial was first articulated by the United States Supreme Court in *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824):

> We think, that in all cases of this nature, the law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render it proper to interfere.

 Appellate review of the propriety of a mistrial declaration under the "manifest necessity" standard "abjures the application of any mechanical formula by which to judge the propriety of declaring a mistrial in the varying and often unique situations arising during the course of a criminal trial." *Illinois v. Somerville*, 410 U.S. 458, 462, 93 S.Ct. 1066, 1069, 35 L.Ed.2d 425, 429 (1973). Manifest necessity encompasses those situations, substantial and real, that interfere with or retard the administration of honest, fair, even-handed justice to any of the parties to the proceeding. *Brown v. People*, 132 Colo. 561, 291 P.2d 680 (1955).

In assessing the propriety of the trial court's action, we must closely scrutinize the asserted reason for the mistrial against the backdrop of the record to determine whether, in the context of a particular case, the mistrial declaration was substantially justified. *See People v. Castro*, 657 P.2d 932 (Colo.1983).

Here, the trial court found that defendant and his counsel had acted in bad faith in an attempt to blindside the prosecution by failing timely to provide the defense expert's report and had also failed to provide foundational material identified in the untimely report.

There is record support for the trial court's findings, and we perceive no abuse of discretion in its declaration of a mistrial. Under the circumstances, it would have been unjust to the prosecution to proceed with the trial when it was not and could not have been prepared to cross-examine the expert. *See* § 18-1-301(2)(b)(III), C.R.S.2002; *People v. Hayward*, 55 P.3d 803 (Colo.App.2002)(abuse of discretion standard applies in determining whether mistrial was warranted).

And even if, as defendant asserts, a de novo standard of review applies, *see People v. Berreth*, 13 P.3d 1214 (Colo.2000), we would reach the same conclusion. The facts here demonstrate that proceeding with the trial would have been incompatible with the administration of honest, fair, even-handed justice to the prosecution.

The order is affirmed.

Judge NEY and Judge WEBB concur.