No. 8590.

THE PEOPLE v. DENVER ATHLETIC CLUB, ET AL.

CRIMINAL LAW—*Writ of Error by the People.* When an accused person is arraigned, tried and acquitted, he is, by the express words of the statute, allowing a writ of error to the people, not to be again put in jeopardy. (Rev. Stat., sec. 1977.)

*Error to Denver District Court, Hon. H. S. Class, Judge.*

Mr. JOHN A. RUSH, District Attorney, and Mr. WAYNE C. WILLIAMS, Assistant, for the People.

Mr. C. F. CLAY and Messrs. YEAMAN & GOVE, for defendants in error.

Chief Justice White delivered the opinion of the court:

IN April, 1914, The Denver Athletic Club, The Denver Club and The University Club were each charged, in separate informations filed by the District Attorney, with unlawfully selling intoxicating liquors without a license in the City and County of Denver. On the day of trial it was stipulated that the three cases should be submitted at the same time to the court without a jury on an agreed statement of facts in each case, supplemented by evidence. Upon final submission of the cases the court discharged the defendants and the District Attorney prosecutes this writ of error under the provisions of § 1997, R. S. 1908.

The defendants in error, among other contentions, question the jurisdiction of this court to review the cases, because, as they assert, no writ of error has issued from this court to review the judgment as to The Denver Club or The University Club, and the record here in the case of The Denver Athletic Club is so imperfect that no question is before this court for determination therein. The record shows but one judgment, though there were three cases, and it is claimed no transcript of the record or bill of exceptions is shown as to either The Denver Club or The University Club, and no writs of error were issued

from this court to review the judgments in such cases, and that there is no agreed statement of facts in the record as to The Denver Athletic Club.

Correct procedure in the determination of rights is fundamental and the contention of defendants in error, under the condition of the record before us, presents serious questions. We are of the opinion, however, that it is unnecessary to determine these questions, or any of the issues involved, or discussed herein by the parties in their respective briefs. Whether the license laws relating to the sale of intoxicating liquors was applicable to defendant clubs has become a moot question by virtue of the constitutional prohibition amendment and the statutory laws enacted in pursuance thereof. The defendants were informed against, the issues made and trial had. Under these circumstances, defendants, by express terms of the statute, § 1997, *supra,* may not be placed in jeopardy a second time for the same offense. The writ of error is, therefore, dismissed.

Decision *en banc.*