**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**Robert Matthew RIDDICK, Defendant-Appellee.**

**No. 80SA350.**

Supreme Court of Colorado, En Banc.

March 30, 1981.

Rehearing Denied April 27, 1981.

Robert L. Russel, Dist. Atty., David H. Zook, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

No appearance for defendant-appellee.

ERICKSON, Justice.

Pursuant to section 16–12–102, C.R.S. 1973 (1978 Repl. Vol. 8), the district attorney of El Paso County has appealed the dismissal of an information charging the defendant with accessory after the fact, section 18–8–105, C.R.S. 1973 (1978 Repl. Vol. 8). The defendant, Robert Matthew Riddick, was previously charged, tried, and acquitted of attempted aggravated robbery, sections 18–2–101 and 18–4–302, C.R.S. 1973 (1978 Repl. Vol. 8), and conspiracy to commit aggravated robbery, sections 18–2–201 and 18–4–302, C.R.S. 1973 (1978 Repl. Vol. 8).

After holding a full hearing, the trial court concluded section 18–1–408(2), C.R.S. 1973 (1978 Repl. Vol. 8) and Crim.P. 8(a), precluded the prosecution from pursuing a second prosecution, since the accessory charge could have been included in the first information. The criminal episode, which was the subject of both charges, centered on an aborted attempt to rob the Three Thieves Restaurant.

The court found that the district attorney had sufficient information to support the accessory charge at the time the original prosecution was instituted, and concluded that the accessory charge should be dismissed because of the failure of the district attorney to cause that charge to be joined with the initial charges against the defendant.

In our view, the trial judge's conclusions are supported by the record. The prosecution's basis for a second prosecution is without merit and fully answered in *Jeffrey v. District Court,* Colo., 626 P.2d 631 (1981). *See also, Ruth v. County Ct.,* 198 Colo. 6,

595 P.2d 237 (1979). No good purpose would be served by expanding our discussion of issues with no precedential value and which should not have been brought before us under the provisions of section 16–12–102. *See People v. Waggoner*, Colo., 610 P.2d 106 (1980); *People v. Maestas*, 196 Colo. 245, 586 P.2d 4 (1978). *See also, People v. Denver Athletic Club*, 63 Colo. 189, 164 P. 1158 (1917).

Accordingly, we affirm the judgment of the trial court.