661 P.2d 668 (1983)
Kenneth J. CORR, Petitioner,
v.
The DISTRICT COURT In and For the EIGHTH JUDICIAL DISTRICT OF the STATE OF COLORADO, and the Honorable John A. Price, one of the Judges Thereof, Respondents.
No. 82SA604.
Supreme Court of Colorado, En Banc.
April 4, 1983.
*669 David Vela, Colorado State Public Defender, James S. Dostal, Steven R. Gayle, Deputy State Public Defenders, Denver, for petitioner.
Stuart A. VanMeveren, Dist. Atty., Loren B. Schall, Asst. Dist. Atty., Fort Collins, for respondents.
QUINN, Justice.
In this original proceeding petitioner Kenneth J. Corr seeks relief in the nature of prohibition in connection with a felony charge of possession of a marijuana concentrate pending against him in the Larimer County District Court.[1] Corr claims that the prosecution of this charge is barred by the compulsory joinder statute, section 18-1-408(2), C.R.S.1973 (1978 Repl.Vol. 8), by reason of his earlier guilty plea to the offense of driving under the influence of alcohol. We issued a rule to show cause, and we now make the rule absolute.

I.
On June 12, 1982, at approximately 2:09 a.m., Officer Harold Dean of the Fort Collins Police Department clocked Corr driving an automobile on College Avenue in Fort Collins at 56 miles per hour in a 35 miles per hour zone. Officer Dean followed Corr's vehicle and watched it weave across three traffic lanes, without directional signal or apparent reason. The officer signalled Corr to stop the vehicle, and Corr complied. Noting a strong odor of alcohol on Corr's breath as he checked his license and registration, the officer asked him to perform a roadside sobriety test. When Corr performed the various maneuvers unsatisfactorily, Officer Dean placed him under arrest for driving under the influence. In searching Corr's pockets incident to the arrest the officer seized a plastic bag containing a small brown nodule which was subsequently identified as "hashish" or marijuana concentrate.
Corr was prosecuted on three charges. Two of the charges, speeding[2] and driving under the influence,[3] were initiated by the officer's issuance to Corr of a summons and complaint under the simplified procedure for prosecution of misdemeanors in county court. Section 16-2-101 et seq., C.R.S.1973 (1978 Repl.Vol. 8).[4] A pretrial conference *670 was held on these two charges in the Larimer County Court on October 18, 1982. Pursuant to a plea bargain Corr entered a guilty plea to the charge of driving under the influence in exchange for the dismissal of the speeding charge and the entry of a deferred judgment and sentence on an unrelated charge of driving under suspension.[5]
The third charge, possession of a marijuana concentrate, was prosecuted in a separate proceeding. Before Corr had entered a guilty plea to the driving under the influence charge, the district attorney for the eighth judicial district had filed, on June 30, 1982, an information in the Larimer County District Court charging Corr with possession of a marijuana concentrate on June 12, 1982. A preliminary hearing was held before the district court on August 18, 1982, at which the court concluded that probable cause existed. Later, on October 20, 1982, the court conducted a hearing on Corr's motion to suppress the marijuana concentrate seized by Officer Dean during the June 12th arrest. In the course of his suppression testimony, Officer Dean estimated the time span between the initial stop and the seizure of the marijuana at approximately eleven minutes. The motion to suppress was denied.
On October 22, 1982, after Corr had pled guilty to the charge of driving under the influence in the Larimer County Court, he filed in the Larimer County District Court a motion to dismiss the marijuana charge on the ground that, by reason of his earlier guilty plea in the county court, the compulsory joinder statute barred any further prosecution on the marijuana charge. A hearing was held on this motion on November 3, 1982. The court considered the evidence elicited at the suppression hearing and took judicial notice of the two county court cases involved in Corr's earlier plea bargain. During the hearing the People conceded that three of the five requirements of the compulsory joinder statute were present, namely: several offenses were committed within the same judicial district; there was a pending prosecution against Corr; and Corr had previously been subjected to "a single prosecution." The People argued, however, that two requirements of the statutory bar were not met because (1) the district attorney did not know of all the charges at the time the prosecution was commenced, and (2) all the charges did not arise out of the same criminal episode. The court agreed with the People's second contention and denied the motion to dismiss. It ruled that although the offenses were closely related in time, the prosecution of the marijuana charge was not barred because it was based on facts different from those underlying the offenses of speeding and driving under the influence.[6] We conclude that all of the requisites of the compulsory joinder statute are present here, and that further prosecution of the defendant on the pending marijuana charge is barred.

II.
Section 18-1-408(2), C.R.S.1973 (1978 Repl.Vol. 8), provides as follows:

*671 "If the several offenses are known to the district attorney at the time of commencing the prosecution and were committed within his judicial district, all such offenses upon which the district attorney elects to proceed must be prosecuted by separate counts in a single prosecution if they are based on the same act or series of acts arising from the same criminal episode. Any offense not thus joined by separate count cannot thereafter be the basis of a subsequent prosecution."
We recently discussed the purposes of the compulsory joinder statute in Jeffrey v. District Court, 626 P.2d 631 (Colo.1981), and outlined the statutory elements which must be satisfied in order to activate the prohibition against a subsequent prosecution:
"The purposes of compulsory joinder are to protect the accused against the oppressive effect of sequential prosecutions based on conduct occurring during the same criminal episode and to conserve judicial and legal resources that otherwise would be wasted in duplicative proceedings. [Citations omitted.] The statute can be broken down into the following elements, all of which must be satisfied in order for the bar to apply to a subsequent prosecution: (1) several offenses committed within the same judicial district; (2) a prosecution against the offender; (3) prosecutorial knowledge of the several offenses at the commencement of the prosecution; (4) the several offenses arising from the same criminal episode; and (5) the offender previously having been subjected to a single prosecution." Id. at 637.
An examination of each of these elements persuades us that the conditions for the application of the statutory bar have been satisfied.

A.
It is not disputed that all the offenses filed against Corr were committed within the same judicial district. Each offense occurred in Larimer County, which is within the eighth judicial district, section 13-5-109(1), C.R.S.1973, and all offenses constituted violations of state law. At the hearing on Corr's motion to dismiss, the deputy district attorney conceded that this initial requirement of the statute was satisfied.

B.
The deputy district attorney also conceded at the dismissal hearing that the second requirement of the statute was established: a prosecution against Corr. This prosecution was pursuant to the simplified procedures for misdemeanor offenses, as evidenced by the summons and complaint issued by Officer Dean on January 12, 1982, and filed with the Larimer County Court.

C.
The third requirement of section 18-1-408(2), which was not conceded, is that the various offenses must have been known to the district attorney "at the time of commencing the prosecution." The respondent argues that this element was not satisfied because the district attorney could not have known of the county court prosecution commenced by Officer Dean's issuance of the summons and complaint. We addressed and resolved a similar argument in Jeffrey v. District Court, supra, where we stated:
"The critical inquiry here is whether the requirement of prosecutorial knowledge refers to that stage of the criminal proceeding at which a charging document is filed or, instead, to the stage at which jeopardy attaches. We construe the statutory language to mean prosecutorial knowledge at the commencement of the jeopardy phase of the criminal prosecution.
"Under simplified procedures it is not likely that the district attorney would know of the initiation of criminal proceedings by the peace officer's issuance of a summons and complaint. Even with felony filings under Crim.P. 5 and 7, it is conceivable that the district attorney, either because of incomplete investigation or inadvertence, might initiate a prosecution for less than all of the offenses arising from the same criminal episode. A construction of section 18-1-408(2) that *672 permits multiple prosecutions for a series of acts arising from the same criminal episode merely because of prosecutorial lack of knowledge at the filing stage of the first case frustrates the salutary purpose of the joinder requirement. Such a construction rewards prosecutorial inattention to the joinder issue and adds to the accused's burden of defense by prolonging the anxiety and increasing the expenses associated with multiple prosecutions. Furthermore, it proliferates, rather than alleviates, the unnecessary expenditure of criminal justice resources on duplicative prosecutions, the issues of which readily can be resolved in a single case....
"The overriding purposes of the joinder requirement are achieved by a focus on prosecutorial knowledge at that stage of the initial prosecution at which jeopardy commences. If, at that point, the district attorney has knowledge of other offenses that could have been joined in a single prosecution under Crim.P. 8(a), and had sufficient opportunity to add the additional offenses by amendment under Crim.P. 7(e) or to consolidate separately filed cases into a single prosecution under Crim.P. 13, but took no action in that respect, the district attorney cannot thereafter prosecute the accused for other offenses based on the same act or series of acts arising from the same criminal episode." Id. at 637-38.
Jeopardy attached to the county court prosecution when Corr entered a plea of guilty on October 18, 1982, to the offense of driving under the influence of alcohol. See Jeffrey v. District Court, supra; Markiewicz v. Black, 138 Colo. 128, 330 P.2d 539 (1958).[7] There can be no doubt that on this date the district attorney knew of the district court prosecution, which had been initiated by an information filed on June 29, 1982, and signed by Terrance A. Gilmore, Chief Deputy District Attorney. The only question is whether the district attorney had knowledge on October 18, 1982, of Corr's plea of guilty to the driving under the influence charge. The record before us establishes such knowledge. The statutory simplified procedures for county court prosecutions require a peace officer who issues a summons and complaint not only to file a copy of the summons and complaint immediately with the county court but also to give "a second copy ... to the district attorney or deputy district attorney for the county." Section 16-2-104, C.R.S.1973 (1978 Repl.Vol. 8). Moreover, the county court charges were resolved by a plea bargain involving a deferred judgment and sentence on an unrelated charge of driving under suspension. Section 16-7-403(1), C.R.S.1973 (1978 Repl.Vol. 8), requires that the written consent of the district attorney be obtained before a deferred judgment and sentence may be granted. Since the county court, as part of the plea bargain, granted Corr a deferred judgment and sentence on the charge of driving under suspension, it is obvious that either the district attorney or some member of his staff participated in the plea negotiations that resulted in Corr's plea of guilty to the offense of driving under the influence.
Furthermore, the People did not dispute Corr's assertion, made at the hearing on the motion to dismiss, that a deputy district attorney participated in the county court plea bargain.[8] Deputies and assistant *673 district attorneys function only by virtue of the district attorney's authority, and their knowledge and official actions are imputed to the district attorney. People v. Castro, 657 P.2d 932 (Colo.1983); Jeffrey v. District Court, supra; DeLuzio v. People, 177 Colo. 389, 494 P.2d 589 (1972); see section 20-1-201 to 20-1-207, C.R.S.1973 (1978 Repl.Vol. 8 and 1982 Supp.). We conclude that under the totality of circumstances present here the district attorney knew of both the district and county court charges when Corr entered his plea of guilty to the charge of driving under the influence, and that accordingly the third requirement of the compulsory joinder statute has been satisfied.

D.
The fourth statutory component requires that the several offenses be "based on the same act or series of acts arising from the same criminal episode." Although the trial court recognized that the charges of speeding, driving under the influence, and possession of a marijuana concentrate were closely related in time, it concluded that the marijuana offense did not arise out of the same criminal episode because it was based upon different facts than those underlying the other offenses. We find this interpretation of the "same criminal episode" to be erroneous.
In Jeffrey v. District Court, supra, we noted that the test for the "same criminal episode" under the compulsory joinder statute should be identical to the standard for joinder under Crim.P. 8(a), since both the statute and the rule employ practically identical language. We then stated: "For purposes of joinder under Crim.P. 8(a), `a series of acts arising from the same criminal episode' would include physical acts that are committed simultaneously or in close sequence, that occur in the same place or closely related places, and that form part of a schematic whole." Id. at 639. The respondent would read this statement as mandating that all three components of time, place, and scheme be present before an offense is subject to the statutory bar of section 18-1-408(2). The respondent's reading is misplaced and contrary to the basic purposes of the mandatory joinder requirement.
We did not hold in Jeffrey that nearness in time, proximity of place, and unity of scheme are indispensable prerequisites to joinder under the "same criminal episode" standard. We merely pointed out, without attempting to delineate the full scope of this standard, that multiple offenses characterized by all three components would certainly qualify for joinder under Crim.P. 8(a).[9]
*674 Given the salutary purposes of joinder, the coexistence of any one or two of these components might independently be sufficient, under appropriate circumstances, to permit the joinder of multiple offenses under the "same criminal episode" standard. We have previously held, for example, that offenses closely related in time and place qualify for joinder. See People v. Walker, 189 Colo. 545, 542 P.2d 1283 (1975) (charges of first degree assault and assault on a peace officer, both of which involved different victims, properly joined because they "arose out of the same continuous sequence of events closely related in time and distance"). So also, crimes committed at different times but in the same place and under similar circumstances have properly been joined. People v. Pickett, 194 Colo. 178, 571 P.2d 1078 (1977) (charge of felony menacing committed on May 2, 1975, properly joined with charge of illegal possession of weapon committed twenty-eight days later, both offenses occurring at the same location and involving a knife). We have also approved the joinder of crimes committed at different times and places but constituting part of a schematic whole. People v. McCrary, 190 Colo. 538, 549 P.2d 1320 (1976) (charge of kidnapping, based on abduction of waitress from doughnut shop in Lakewood, Colorado, and charge of murder, based upon killing of waitress sometime later in an isolated field while on the way to Cheyenne, Wyoming, properly joined as "arising out of the same transaction" under former version of Crim.P. 8(a)).
We recognize that, in the last analysis, the determination of whether several criminal acts arise from the same criminal episode for purposes of the compulsory joinder statute depends upon an examination of the facts of the particular case. See, e.g., Jeffrey v. District Court, supra; Ruth v. County Court, 198 Colo. 6, 595 P.2d 237 (1979). Whatever may be the outer limits of section 18-1-408(2) and Crim.P. 8(a), a matter we need not decide here, we are satisfied that the term "same criminal episode" contemplates a joinder standard sufficiently broad to include offenses committed within the same unit of time at the same location, irrespective of whether these offenses are otherwise related to each other by some underlying unity of purpose or scheme. A narrower construction, in our view, would mean increased distress and expense to the accused from multiple prosecutions, as well as unnecessary expenditure of judicial, legal and community resources on duplicative proceedings with no demonstrable benefit in return. See II ABA Standards for Criminal Justice, Joinder and Severance, Standard 13-2.1, commentary at 13.12-13 (2d ed. 1980). It was to avoid these untoward consequences of multiple prosecutions that the compulsory joinder statute was enacted. See Comment, 1971 Perm.Supp., C.R.S.1963, 40-1-508. Because the charge of possession of a marijuana concentrate involved an act which occurred at practically the same time and in the same place as the offenses of speeding and driving under the influence, the marijuana charge arose out of the "same criminal episode" as those other offenses for purposes of the compulsory joinder statute.[10]

*675 E.
The final requirement of the compulsory joinder statute is that the accused must have been subjected to a "single prosecution." As we observed in Ruth v. County Court, supra, "[a] `single prosecution' is a proceeding `from the commencement of the criminal action until further prosecution is barred,'" and "a `subsequent prosecution' is a second, additional prosecution after the conclusion of a `single prosecution.'" 198 Colo. at 8, 595 P.2d at 239. On October 10, 1982, Corr entered a plea of guilty in the Larimer County Court to the charge of driving under the influence of alcohol. Jeopardy thereby attached to that proceeding, and any further prosecution in that proceeding was barred. A "single prosecution" having occurred, Corr could not thereafter be prosecuted for offenses arising from the "same criminal episode" as the driving under the influence charge.

III.
Because all the statutory joinder requirements are present in this case, section 18-1-408(2) bars any further prosecution of Corr for the charge of possession of a marijuana concentrate. Therefore, the rule to show cause is made absolute and the cause is remanded to the respondent court with directions to dismiss the pending information.
NOTES
[1] Section 18-18-106(4), C.R.S.1973 (1982 Supp.). Possession of a marijuana concentrate is a class 5 felony punishable by a presumptive sentence of one to two years plus one year of parole. Section 18-1-105(1)(a), C.R.S.1973 (1982 Supp.).
[2] Section 42-4-1001(2)(e), C.R.S.1973. On the date of the offense, June 12, 1982, exceeding the speed limit by 20 or more miles per hour was a class 2 traffic offense, section 42-4-1001(7)(i), C.R.S.1973 (1981 Supp.), punishable by a minimum of 10 days imprisonment or a $10 fine or both, and a maximum of 90 days imprisonment or a $300 fine or both, section 42-4-1501(2)(a), C.R.S.1973 (1981 Supp.).
[3] Section 42-4-1202, C.R.S.1973 (1981 Supp.). On June 12, 1982, driving while under the influence of alcohol was a misdemeanor traffic offense, section 42-4-1202(4)(a), C.R.S.1973 (1981 Supp.), punishable, for the first offense, by a minimum of 10 days imprisonment or a $100 fine or both, and by a maximum of one year imprisonment and a $1000 fine or both. Section 42-4-1501(2)(a), C.R.S.1973 (1981 Supp.).
[4] Section 16-2-104, C.R.S.1973 (1978 Repl.Vol. 8), states:

"A summons and complaint may be issued by any peace officer for an offense constituting a misdemeanor or a petty offense committed in his presence or, if not committed in his presence, which he has probable cause to believe was committed and probable cause to believe was committed by the person charged. Except for penalty assessment notices, which shall be handled according to the procedures set forth in section 16-2-201, a copy of a summons and complaint so issued shall be filed immediately with the county court before which appearance is required, and a second copy shall be given to the district attorney or deputy district attorney for the county."
[5] Section 42-2-130, C.R.S.1973 (1982 Supp.). For offenses committed prior to July 1, 1982, driving while one's license was suspended was punishable by a mandatory imprisonment of not less than five days nor more than six months, as well as a fine of $50 to $500. This penalty remains the same for offenses committed after July 1, 1982, except that where the license suspension resulted from driving while under the influence of alcohol in violation of section 42-4-1202(1), the offense is punishable by mandatory imprisonment of not less than 30 days nor more than one year, as well as a fine of $500 to $1000. See section 42-2-130, C.R. S.1973 (1981 and 1982 Supps.). Colo.Sess. Laws 1982, ch. 166, 42-2-130 at 607.
[6] The court's bench ruling was as follows:

"The court is of the opinion that the charge of marijuana concentrate is not a part of the same criminal episode as envisioned in the statute with regard to the other charges that were driving violations. Although they were closely [sic] in time, they resulted from entirely different situation[s] and different facts with regard to the possession, alleged possession of the marijuana concentrate. So the court is of the opinion that the motion is not good and denies it."
[7] Section 18-1-301(1)(c), C.R.S.1973 (1978 Repl.Vol. 8), defines a conviction as including "a plea of guilty accepted by the court," at least for the purpose of prohibiting a subsequent prosecution for the same offense.
[8] During the dismissal hearing defense counsel requested the court to take judicial notice of the two county court cases, F82T3441 (speeding and driving under the influence) and F82T4529 (driving under suspension), and stated: "Pursuant to a plea bargain with the district attorney's office, another case he had, F82[T]4529, was also handled at the same time. He was granted a deferred sentence to a driving under suspension charge." The deputy district attorney voiced no objection to defense counsel's request, whereupon the court stated: "The People will stipulate to the fact that the defendant, Kenneth J. Corr, who is present before the court is the same Kenneth Jay, J-a-y, Corr who was prosecuted in the two county court cases referred to by the defendant's attorney."
[9] Our discussion in Jeffrey of the scope of the compulsory joinder requirements of section 18-1-408(2) was in the context of the particular facts of that case. Jeffrey was acquainted with Gary Ryder, who learned that his female friend and the infant he allegedly fathered were now residing with another man, Clint Rice, in Rice's house trailer in Loveland, Colorado. Ryder became angry at the news, and on May 10, 1980, he and Jeffrey, along with two other companions, drove over to Rice's trailer for the purpose of assaulting him and removing the child from the residence. Ryder entered the trailer first and, after engaging in a chase through the trailer, assaulted Rice in a nearby yard. Jeffrey then entered the trailer and assaulted the woman in the course of removing the child from her. He was issued a summons and complaint for third degree assault, a class 1 misdemeanor, which was filed in the Larimer County Court under simplified procedures for the prosecution of misdemeanors. Section 16-2-101 et seq., C.R.S.1973 (1978 Repl.Vol. 8). He was also prosecuted in a separate case filed by the district attorney in the Larimer County District Court with the class 5 felonies of first degree criminal trespass and conspiracy to commit that offense. After pleading guilty to the third degree assault charge in the county court, Jeffrey unsuccessfully moved to dismiss the district court charges under section 18-1-408(2). In determining that the district court charges arose out of "the same criminal episode" as the county court assault charge, we stated:

"Here the record establishes that the petitioner and Ryder, while driving over to Rice's trailer in Loveland, planned and agreed to the assault of Rice and the removal of the child. Upon their arrival at the trailer they engaged in overt acts in pursuance of their illegal agreement (the conspiracy charge). By law a conspiracy is deemed a continuing offense which terminates when the crime or crimes which are its object are committed. Section 18-2-204, C.R.S.1973 (1978 Repl.Vol. 8). Ryder and the petitioner unlawfully entered the trailer (the first degree trespass charge) and immediately thereafter the petitioner struck Fansler while removing the child from the trailer (the third degree assault charge). Although each offense involved a separate act, the acts themselves occurred sequentially in a narrow time frame and in virtually the same place. Certainly, these offenses are sufficiently related as to require their joinder under Crim.P. 8(a) as based on `a series of acts arising from the same criminal episode.' "626 P.2d at 640.
[10] The respondent court in denying Corr's motion to dismiss construed the compulsory joinder statute to apply only to a crime which is based upon "the same facts" as those underlying the crime or crimes charged in the former prosecution. This construction seems to embody the "same offense" principles of double jeopardy which we expressly rejected in Jeffrey as the standard for compulsory joinder. We there stated:

"The compulsory joinder requirement of section 18-1-408(2) is broader than both the `same offense' principle of double jeopardy as codified in section 18-1-301 and the collateral estoppel effect of a prior determination of an ultimate fact as outlined in section 18-1-302. The `same criminal episode' terminology of section 18-1-408(2) goes beyond the same act or conduct resulting in more than one crime. See II ABA Standards for Criminal Justice, Joinder and Severance, Standard 13-1.2, commentary at 13.10 (2d ed. 1980)." 626 P.2d at 639.
Limiting the compulsory joinder bar to only those offenses which involve the same facts required to prove the charges in the former prosecution would render section 18-1-408(2) and Crim.P. 8(a) superfluous.